UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIK MISHIYEV,**

    **Plaintiff,**

v.                                                                **Case No. 8:23-cv-1942-MSS-UAM**

**UMG Recordings, Inc., et al.,**

    **Defendants.**
_____/

**ORDER**

Plaintiff Erik Mishiyev, proceeding *pro se*, requests to proceed *in forma pauperis*. (Doc. 2). The court, upon a finding of indigency, may authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915. Mr. Mishiyev's financial application does not wholly support his claim of indigency.

Mr. Mishiyev claims he will be spending $150,000.00 for expenses or attorney fees in conjunction with this lawsuit. (Doc. 2, p. 5). He should be able to pay the filing fee if he is capable of spending such a sum otherwise in this case. Additionally, Mr. Mishiyev lists conflicting monthly incomes. (Doc.

1

2, pp. 1–2). This error needs correction before the court can properly determine his financial limitations.

Because Mr. Mishiyev requests to proceed *in forma pauperis*, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or requests monetary relief against a defendant immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Although *pro se* pleadings are held to a less strict standard than pleadings drafted by attorneys, *pro se* litigants must still comply with the Federal Rules of Civil Procedure. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotation and citation omitted).

Mr. Mishiyev sues UMG Recordings, Inc., Sony Music Entertainment, the Orchard Music, YT Rocket, Ingrovees, Odmedia Network, and Violent Music BV for misrepresentation, intentional interference with business relations, and violations of both the Digital Millennium Copyright Act and Florida's Unfair and Deceptive Trade Practices Act. (Doc. 1, pp. 8–10). Mr. Mishiyev requests $1 million in damages along with reasonable attorneys' fees and costs. (*Id.*).

Three of the named defendants are companies with their principal place of business in a foreign country — YT Rocket in Columbia and Odmedia Network and Violent Music BV in the Netherlands. (Doc. 1, pp. 2–3). Mr.

Mishiyev asserts his claims "arise under the Copyright Act" giving this court federal question jurisdiction. (Doc. 1, p. 3). However, "the Copyright Act is considered to have no extraterritorial reach." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 306 (4th Cir. 2012).[1] Accordingly, Mr. Mishiyev does not properly allege a basis for this court to exercise jurisdiction over YT Rocket, Odmedia Network, and Violent Music BV.

In addition to the jurisdictional issues, Mr. Mishiyev's complaint is an impermissible shotgun pleading. A shotgun pleading violates Fed. R. Civ. P. 8(a)(2) or 10(b), or both. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The *Weiland* court identified four categories of impermissible shotgun pleadings, two of which apply to Mr. Mishiyev's complaint. (*See* Doc. 1, pp. 8–10).

First, Mr. Mishiyev's complaint is an impermissible shotgun pleading because each count incorporates the same set of facts. (Doc. 1, pp. 8–10). The most common shotgun pleading identified in *Weiland* "is a complaint

---

[1] A recognized exception to this rule exists "when the type of infringement permits further reproduction abroad," but this exception does not apply to the facts as asserted by Mr. Mishiyev. *Tire Eng'g & Distribution, LLC*, 682 F.3d at 306 (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir.1988)).

3

containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. Mr. Mishiyev's complaint violates this prohibition as every count states in its first paragraph: "Plaintiff asserts and re-alleges the allegations set forth above, as if fully set forth herein." (*See* Doc. 1, ¶¶ 40, 46, 52). For this reason alone, Mr. Mishiyev's complaint is an improper shotgun pleading and must be amended if he wishes to move forward in this action. *See Weiland*, at 1321; *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

Second, Mr. Mishiyev's complaint improperly asserts all claims against "the Defendants" collectively. (Doc. 1, pp. 3, 5, 7, 8–10). The *Weiland* court identified the "rare" type of shotgun pleading that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. This type of pleading fails because it does not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. (*Id.*). If Mr. Mishiyev wishes to move forward in this action, he must amend his complaint to

4

clearly identify which facts he believes each defendant is responsible for under each count.

In Count II, Mr. Mishiyev alleges "intentional interference with business relations." (Doc. 2, p. 8). To state a claim for tortious interference with a business relationship, a plaintiff must show: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Landmark Bank, N.A. v. Cmty. Choice Fin., Inc.*, No. 17-60974-CIV, 2017 WL 4310754, *20 (S.D. Fla. Sept. 28, 2017) (quoting *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985)). To start, Mr. Mishiyev fails to plausibly allege that he had a business relationship with either Youtube or any of the seven defendants. Without establishing the existence of a business relationship, Mr. Mishiyev's claim under Count II will fail even if he corrects the two shotgun pleading errors discussed above.

Accordingly, Mr. Mishiyev's motion to proceed *in forma pauperis* (Doc. 2) is **TAKEN UNDER ADVISEMENT**. If Mr. Mishiyev wishes to proceed *in forma pauperis*, he must file an amended financial affidavit and an amended complaint that complies with the Federal Rules of Civil Procedure by

5

**October 25, 2023**. Otherwise, the court will recommend Mr. Mishiyev's motion to proceed *in forma pauperis* be denied and the complaint be dismissed.[2]

**ORDERED** in Tampa, Florida on September 25, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:

Erik Mishiyev

5000 Culbreath Key Way Apt 1-317

Tampa, FL 33611

---

[2] To proceed *in forma pauperis*, Mr. Mishiyev's affidavit must indicate he is indigent and his complaint must state a viable cause of action. However, if he does not wish to amend his financial affidavit or complaint, Mr. Mishiyev may pay the filing fee and conduct proper service of process if he wishes to proceed under this complaint.