United States District Court
Middle District of Florida
Tampa Division

ERIK MISHIYEV,

    Plaintiff,

v.                                                                    No. 8:23-CV-1942-MSS-NHA

UMG RECORDINGS, INC;
SONY MUSIC ENTERTAINMENT;
THE ORCHARD MUSIC;
YT ROCKET; INGROOVES;
ODMEDIA NETWORK;
and VIOLENT MUSIC BV,

    Defendants.

---

## Defendants UMG Recordings, Inc., Ingrooves, Sony Music Entertainment, and Orchard Enterprises NY, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint

Defendants UMG Recordings, Inc. ("UMG"), Ingrooves, Sony Music Entertainment ("SME"), and Orchard Enterprises NY, Inc. (erroneously sued as "The Orchard Music") ("The Orchard") (collectively, the "Moving Defendants"), hereby move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint filed by Plaintiff Erik Mishiyev for failure to state a claim upon which relief can be granted. Because the defects in the Amended Complaint cannot be cured by further amendment, the Amended Complaint should be dismissed with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Introduction**

Plaintiff, a self-described "highly successful music DJ," filed this lawsuit alleging claims under the Copyright Act as well as preempted state law claims based on actions that allegedly occurred more than four years prior to the filing of this lawsuit – namely, the termination of his YouTube Channel by YouTube in 2018. According to Plaintiff, the channel was terminated as a result of takedown notices sent to YouTube by the Defendants alleging that certain videos posted by the Plaintiff infringed upon the Defendants' copyrighted works. He alleges that the alleged takedown notices were sent pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, which provides a mechanism by which copyright holders can notify online service providers, like YouTube, that their sites are hosting or providing access to infringing material.[1]

The "takedown" process begins when the copyright owner or its authorized agent sends a notice to the service provider identifying the infringing material. *See* 17 U.S.C. § 512(c)(3)(A). The statute also provides a mechanism for the service provider to notify the party who posted the infringing material that it has received a takedown notice and to provide an

---

[1] The Moving Defendants accept Plaintiff's allegations as true for purposes of this Rule 12(b)(6) motion only.

2

opportunity for that party to challenge the allegation of infringement. *See id.* § 512(g)(2)(A)-(C). Finally, the statute provides a private right of action to a party who believes that it has been injured as a result of knowing and material misrepresentations by the person sending the notification that the material was infringing. *See id.* § 512(f).

Plaintiff is asserting such a private right of action. However, apart from the patent deficiencies in the claim itself, it is evident from the allegations in the Amended Complaint that Plaintiff waited over four years after the purported notices at issue were sent and his YouTube channel was terminated before he filed this lawsuit. Accordingly, Plaintiff's claims are barred by the applicable statute of limitations.

Moreover, Plaintiff's claims are substantively deficient. His Section 512(f) claim fails because he is unable to allege any facts that would demonstrate that the Moving Defendants "knowingly" and "materially" misrepresented that Plaintiff's videos were infringing. As the Court has already found, his claim for intentional interference with business relations fails because he has not been able to identify a relevant business relationship. Finally, Plaintiff's state law claims are preempted by federal law. None of these defects can be cured by further amendment and thus the Amended Complaint should be dismissed with prejudice.

## II.    Procedural History

Plaintiff, proceeding *pro se*, commenced this action by filing a complaint against the Defendants on August 28, 2023, asserting claims for misrepresentation under Section 512(f) of the Copyright Act, tortious interference with business relations, and violation of Florida's Unfair and Deceptive Trade Practices Act. Compl., ECF No. 1.

Plaintiff also sought to proceed *in forma pauperis*, ECF No. 2. As a result, this Court was required to evaluate whether the action was frivolous or malicious, failed to state a claim upon which relief can be granted, or requested monetary relief against a defendant immune from that relief. *See* 28 U.S.C. § 1915(e)(2)(B).

On September 25, 2023, after evaluating the merits of the Complaint, Magistrate Judge Sansone issued an Order finding that: (1) the Complaint was an "impermissible shotgun pleading" that improperly incorporated the same set of facts into every count and asserted all claims against all defendants collectively; (2) Plaintiff's intentional interference with business relations claim failed to plausibly allege a relevant business relationship; and (3) Plaintiff failed to plead jurisdiction over the foreign entity defendants. Order at 2-5 (Sept. 25, 2023), ECF No. 5. The Court also concluded that Plaintiff's financial submission was insufficient to support his application to proceed *in forma pauperis*. *See id*. at 1-2. The Court ordered Plaintiff to file "an amended

financial affidavit and an amended complaint that complies with the Federal Rules of Civil Procedure by October 25, 2023" or the Court would "recommend [Plaintiff's] motion to proceed *in forma pauperis* be denied and the complaint be dismissed" for failure to state a claim. *Id.* at 5-6.

After abandoning his *in forma pauperis* application and paying the filing fee, Plaintiff filed the Amended Complaint on October 26, 2023. Am. Compl., ECF No. 7. Despite the Court's express directions, the Amended Complaint asserts the same claims and underlying assertions as those in the initial Complaint. Plaintiff merely omitted the first paragraph from each count of the original complaint (that had incorporated the allegations of all preceding counts) and instead repeated the introductory assertions in each claim. *See id.* Accordingly, Plaintiff has not cured Magistrate Sansone's holdings that the complaint failed to allege specific wrongdoing by each of the defendants and failed to allege a relevant business relationship.

## III.  Relevant Facts[2]

Plaintiff, "known as 'DJ Short-E,'" alleges he was a "highly successful music DJ[ ] in the hip-hop industry and operated a YouTube channel that[,] as

---

[2] Plaintiff amended his Complaint to omit the "Statement of Facts" section and include his factual allegations under the headings for each count to his Amended Complaint. *Compare* Complaint, ECF No. 1, *with* Amended Complaint, ECF No. 7. Because it is apparent that Plaintiff has copied and pasted the same factual allegations under each count, this section of the Moving Defendants' motion to dismiss cites to the relevant facts stated under Count I of Plaintiff's Amended Complaint.

5

of 2018[,] had over 250,00[0] subscribers." Am. Compl. ¶ 18. Without providing any detail about the content posted on his YouTube channel, Plaintiff alleges that each of the Moving Defendants filed takedown notices, pursuant to the DMCA, alleging that content on his channel was infringing. *Id.* ¶¶ 39, 41-43, 45.

Plaintiff further alleges that, "on or about December 14, 2018[,] YouTube notified Plaintiff that [it was] permanently canceling his YouTube channels[.]" *Id.* ¶ 23. Plaintiff then attempts to convert these allegations into a Section 512(f) claim by simply asserting that the takedown notices were "false." He attempts to bolster this wholly unsupported claim by making an equally unsupported legal assertion that any flagged content posted on his YouTube Channel was protected by the fair use doctrine, *id.* ¶ 44, and alleging without any supporting facts, the irrelevant assertion that "[t]ens of thousands of YouTubers posted and continue to post content similar to the Plaintiff['s]," *id.* ¶ 23. As shown herein, none of these bald assertions or legal conclusions are sufficient to show that the takedown notices at issue contained any knowing misrepresentations by the Moving Defendants.[3]

---

[3] Plaintiff's allegations at paragraphs 29 through 37 of his Amended Complaint oddly relate to Section 230 of the Communications Decency Act. However, Plaintiff does not assert a claim against the Moving Defendants under Section 230 and could not possibly do so as Section 230 does not provide for a private cause of action.

6

## IV. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007) (internal citations omitted). Although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys," *pro se* litigants "must still meet minimal pleading standards." *Smith v. Automatic Data Processing, Inc.*, No. 20-cv-2936, 2021 WL 4148326, at *2 (M.D. Fla. Sept. 13, 2021). Additionally, a district court may dismiss a complaint with prejudice "when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

## V. Plaintiff's Claims Are Barred By The Statute Of Limitations.

All of Plaintiff's claims are time-barred by the applicable statute of limitations. As a result, further amendment to his pleading would be futile, and all of the claims must be dismissed with prejudice.

7

The Eleventh Circuit recognizes that a challenge to a plaintiff's failure to bring a claim within the applicable statute of limitations may be brought pursuant to Rule 12(b)(6) if it is "'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004); *see also Taylor v. R.J. Reynolds Tobacco Co.*, 441 F. App'x 664, 665-66 (11th Cir. 2011) (affirming Rule 12(b)(6) dismissal of *pro se* complaint as barred by the applicable Florida statute of limitations).

### A.  Plaintiff's Claim Under Section 512(f) Of The Copyright Act Is Time-Barred.

Plaintiff's claim for misrepresentation under Section 512(f) of the Copyright Act is subject to the "three-year state of limitations [that] governs claims under the Copyright Act[ and] runs from the time the claim accrues." *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1329 (11th Cir. 2023), *cert. granted in part*, 92 U.S.L.W. 3054 (U.S. Sept. 29, 2023) (No. 22-1078); *see also* 17 U.S.C. § 507(b) ("No civil action shall be maintained . . . unless it is commenced within three years after the claim accrued."). The Eleventh Circuit has applied two rules for determining the date of accrual: "the discovery rule and the injury rule." *Warner Chappell Music, Inc.*, 60 F.4th at 1330. "Under the discovery rule, a claim 'accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his' rights." *Id.* (quoting *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020)).

8

"Conversely, under the injury rule, a copyright plaintiff's claim accrues when the harm . . . occurs, no matter when the plaintiff learns of it." *Id.* (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014)).

It is apparent from the face of the Amended Complaint that Plaintiff's Section 512(f) claim is time-barred under either test and should be dismissed. *See La Grasta*, 358 F.3d at 845. Plaintiff's claim accrued, at the latest, when his YouTube channel was terminated "on or about December 14, 2018." Am. Compl. ¶ 23. By the time of the 2018 termination, any alleged injury to Plaintiff had already occurred and Plaintiff was aware that the termination was purportedly the result of DMCA takedown notices sent by the Moving Defendants to YouTube with respect to Plaintiff's videos, and the Amended Complaint contains no allegation of any conduct by the Moving Defendants after 2018. *See id.* ¶¶ 39, 41-44, 51. Nevertheless, Plaintiff did not file this suit until August 28, 2023, well after the three-year statute of limitation period expired.

### B. Plaintiff's State Law Claims For Tortious Interference With Business Relationships And Violation Of The Florida Unfair And Deceptive Practices Act Are Also Time-Barred.

Section 95.11(3) of the Florida Statutes provides a four-year statute of limitations for tortious interference with business relationships and for unfair and deceptive trade practice claims. *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip., Co.*, 793 So. 2d 1127, 1128 (Fla. 5th DCA 2001); *see also* Fla.

Stat. § 95.11(3)(e), (o) (2023).  The applicable statute of limitations period begins to run "from the time the cause of action accrues"—i.e., "when the last element constituting the cause of action occurs."  Fla. Stat. § 95.031(1).

As with Plaintiff's Section 512(f) claim, Plaintiff's claims for tortious interference and unfair and deceptive trade practices are based on the allegations that the Moving Defendants "routinely" sent purportedly false DMCA takedown notices to YouTube with respect to Plaintiff's videos, resulting in the termination of Plaintiff's YouTube Channel "on or about December 14, 2018."  *See* Am. Compl. ¶¶ 66, 82, 84-86, 103, 119, 121-123.  Accordingly, Plaintiff's state law claims accrued no later than December 14, 2018.  Since Plaintiff filed his initial complaint more than four years after that date (on August 28, 2023), these claims, too, are time barred.

## VI. Each Of Plaintiff's Causes Of Action Must Be Dismissed For Failure To State A Claim.

Plaintiff has failed to state a claim upon which relief can be granted.  As an initial matter, Plaintiff has failed to allege any evidentiary foundation that would, if proven, satisfy his burden to prove that the Moving Defendants made knowing and material misrepresentations that damaged Plaintiff.  Further, as this Court has already correctly found, Plaintiff's intentional interference with business relations claim fails to plausibly allege a relevant business

10

relationship. *See* Order at 2-5 (Sept. 25, 2023), ECF No. 5. Finally, Plaintiff's state law claims are preempted by the Copyright Act.

### A. Plaintiff Fails To Sufficiently Plead A Claim For Misrepresentation Under Section 512(f) Of The Copyright Act.

To state a claim for misrepresentation under Section 512(f) of the Copyright Act, Plaintiff must allege that the defendant "knowingly and materially misrepresent[ed]" that copyright infringement has occurred by filing a DMCA takedown notification. *Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1026 (N.D. Cal. 2015) (emphasis added). "The crux of the inquiry under Section 512(f)—which must be alleged in a Section 512(f) claim—is whether the statement furnished in the DMCA notification [is based on] 'the complaining party['s] . . . good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.'" *Weinberg v. Dirty World, LLC*, No. CV 16-9179, 2017 WL 5665022, at *5 n.7 (C.D. Cal. Apr. 24, 2017) (quoting 17 U.S.C. § 512(c)(3)(A)(v)). Whether a copyright owner issued its takedown notice in "good faith" is analyzed under a subjective standard. *Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004). Thus, when pleading a Section 512(f) claim, Plaintiff must allege sufficient facts that the Moving Defendants knew that Plaintiff's videos were not infringing on its copyrights when they issued their takedown notices. *See id.* at 1004-06.

11

Plaintiff has not alleged *any* facts that would even suggest that the Moving Defendants "knowingly and materially" misrepresented that Plaintiff's videos were infringing when they allegedly issued the DMCA takedown notices. Plaintiff's only allegations that even debatably bear on the subject of whether the notices were sent in good faith are that (1) the Moving Defendants "routinely" sent takedown notices "against the Plaintiff's You[T]ube channel for the same type of content that other YouTube creators routinely post" and (2) "nothing that was posted on the Plaintiff's You[T]ube channel falls outside of the 'Fair Use' doctrine of the copyright laws." Am. Compl. ¶¶ 39, 41, 42, 44. But these conclusory allegations fall far short of asserting facts that, if true, would support a finding that the Moving Defendants were not acting in good faith in sending the takedown notices.

First, Plaintiff's argument that the Moving Defendants were not acting in good faith because other You Tube users posted similar content allegedly without receiving takedown notices is insufficient as a matter of law. As an initial matter, Plaintiff's allegations lack any specificity as to the other users and the content involved. But, substantively, it is established law that copyright owners can choose "to pursue either all infringers or none at all" and there is no rule "barr[ing a copyright owner] from suing any of the millions upon millions of direct infringers . . . unless all were sued." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1225 (C.D. Cal.

12

2007).  Thus, the Moving Defendant's decision to pursue Plaintiff over other alleged infringers (if in fact that even occurred) does not speak to the accuracy of their allegations in the takedown notices at issue or their intent in sending such notices.

Second, Plaintiff makes the bald legal assertion that the content posted on his YouTube Channel was protected by the fair use doctrine.  *See* Am. Compl. ¶ 44.  However, he asserts no facts to show that the Moving Defendants agreed with his assertion and served their takedown notices anyway.  Whether Plaintiff's use of copyrighted material ultimately constitutes a fair use is a fact-intensive inquiry, and Plaintiff's subjective view of the application of the doctrine, unsupported by any facts, is not remotely probative as to the Moving Defendants' intent in issuing the takedown notices, which is the relevant factor.  *See Rossi*, 391 F.3d at 1005-06.  Therefore, Plaintiff has failed to plead a "knowing misrepresentation" on the part of the copyright owner under Section 512(f).  *See Rossi*, 391 F.3d at 1004-05.

### B. Plaintiff's State Law Claims Are Preempted By The Federal Copyright Act.

Plaintiff's tortious interference and unfair and deceptive trade practices claims under Florida state law are based on allegedly false DMCA takedown notices and, thus, are preempted by the Copyright Act.

13

Courts have expressly held that "[Section] 512(f) preempts state law claims based on DMCA Takedown Notifications." *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. C 10-05696, 2011 WL 2690437, at *3 (N.D. Cal. July 8, 2011). "[A] DMCA Takedown Notification is a creature of a federal statutory regime" and, as such, "that regime preempts any state law claim based on an allegedly improper DMCA Takedown Notification." *Id.*

Here, Plaintiff's tortious interference and unfair and deceptive trade practices claims are expressly based on the DMCA takedown notices issued by the Moving Defendants. *See* Am. Compl. ¶¶ 58, 88-91, 95, 125-133. Indeed, Plaintiff alleges his state law claims arose from the takedown notices, *id.* ¶¶ 58, 95, *and* he asserts the *same exact* factual allegations in his state law claims as those in his DMCA claim, *see id.* ¶¶ 14-45, 57-88, 94-125. Thus, Plaintiff's state law claims are undeniably based on the purported "fraudulent" DMCA takedown notices and preempted by the Copyright Act. *See Amaretto Ranch*, 2011 WL 2690437, at *3.

## VII.  Conclusion

For the foregoing reasons, the Moving Defendants respectfully request that the Court grant this Motion and dismiss the Amended Complaint without further leave to amend.

Respectfully submitted,

/s/ Andrew H. Bart
Andrew H. Bart (Lead Counsel)
(N.Y. Bar No. 1206341)
*Pro Hac Vice*
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York 10036
(202) 891-1600 Phone
(202) 891-1699 Fax
ABart@jenner.com

Loreal Rock (Maryland Bar No.1712140143)
*Pro Hac Vice*
Jenner & Block LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
(202) 639-6000 Phone
(202) 639-6066 Fax
LRock@jenner.com

## Local Rule 3.01(g) Certification

I contacted the opposing party on January 10, 2024, and on January 12, 2024, and represent the opposing party opposes this motion to dismiss.