UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIK MISHIYEV,

    Plaintiff,

v.                                      Case No: 8:23-cv-1942-MSS-NHA

UMG RECORDINGS, INC., et al.,

    Defendants.

_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendants' UMG Recordings, Inc., Ingrooves, Sony Music Entertainment, and Orchard Enterprises NY, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint, (Dkt. 27), and Plaintiff's response in opposition thereto. (Dkt. 31) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **ORDERS** that:

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED**.

2. Count I of Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE.** The Copyright Act's statute of limitations provides that "[n]o civil action shall be maintained . . . unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b); see Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325, 1330 (11th Cir. 2023), cert.

1

granted in part, 92 U.S.L.W. 3054 (U.S. Sept. 29, 2023) (No. 22-1078). Here, as explained in Defendants' Motion, under either the "injury" rule or "discovery" rule for determining the date of accrual, (see Dkt. 27 at 8-9), Plaintiff's claim is time-barred. Plaintiff alleges YouTube notified Plaintiff "on or about December 14, 2018, . . . that they were permanently cancelling his YouTube channels." (Dkt. 7 at ¶ 23) Plaintiff initiated this action more than four years later on August 28, 2023. (Dkt. 1) As such, Count I of Plaintiff's claim, alleging Defendants engaged in misrepresentation under Section 512(f) of the Copyright Act is subject to dismissal for failure to comply with the Copyright Act's statute of limitations. The Court, therefore, declines to assess whether Plaintiff has plausibly alleged a claim for misrepresentation under Section 512(f) of the Copyright Act.

3. The Court notes, however, that Plaintiff states in his opposition to Defendants' Motion to Dismiss that Defendants have continued to harm him, "as recently as 2023 and into 2024," by sending "false [Digital Millenium Copyright Act ("DMCA")] takedown notices," and apparently ignoring Plaintiff's copyright counter-notifications in response. (Dkt. 31 at ¶ 13) Plaintiff cannot raise new claims of harm, not asserted in his Amended Complaint, in an opposition to a motion to dismiss. Plaintiff's Amended Complaint fails to allege that Plaintiff has suffered any injury or damage on account of Defendants' actions after 2018. To the extent

Plaintiff seeks to allege any claim of injury or damage not barred by the three-year statute of limitations, Plaintiff has leave to file a second amended complaint, setting forth the basis of such injury or damage, if any such claim exists. Plaintiff may only allege claims of injury or damage relating to or arising after December 14, 2020.

4. Count II (Intentional Interference With Business Relations) and Count III (Florida's Deceptive and Unfair Trade Practices Act) of Plaintiff's Amended Complaint are **DISMISSED WITH PREJUDICE**. Because Plaintiff's state law claims in Counts II and III are based on the DMCA takedown notices issued by the Defendants, Plaintiff's state law claims are preempted under federal law. See, e.g., Stevens v. Vodka & Milk, LLC, No. 17-cv-8603 (JSR), 2018 U.S. Dist. LEXIS 43666 at *5-6 (S.D.N.Y. Mar. 12, 2018) (agreeing with other courts and holding that defendants' counterclaim for intentional interference with contract under New York law is preempted by the DMCA because "DMCA takedown notices, and the system of which they are a part, are creations entirely of federal law.") Thus, Plaintiff may not refile a second amended complaint addressing Counts II and III because amendment would be futile.

5. In light of the foregoing, Defendants' Unopposed Motion for Leave to File Reply in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, (Dkt. 35), is **DENIED AS MOOT**.

6. Plaintiff's Motion for Preliminary or Permanent Injunction Against

Defendants, (Dkt. 34), is also **DENIED AS MOOT** because, pursuant to this Order, there is no longer an operative complaint on file in this case.

7. If Plaintiff seeks to file a second amended complaint, he may do so no later than **thirty (30) days** from the date of this Order. Plaintiff is warned that if he attempts to file a second amended complaint without a fair basis in fact or law, he may be subjected to sanctions pursuant to Fed. R. Civ. P. 11.[1]

8. Failure to file a second amended complaint within the time allotted as directed will result in this Order becoming a final judgment and dismissal of Plaintiff's case with prejudice. See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co., 953 F.3d 707, 719-20 (11th Cir. 2020).

**DONE** and **ORDERED** in Tampa, Florida, this 16th day of February 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

---

[1] To the extent Plaintiff intends to continue to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, or on the court's website at https://www.flmd.uscourts.gov/local-rules. To the extent Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, a pro se litigant handbook prepared by the Federal Bar Association is available to download at the following hyperlink: https://www.fedbar.org/prosehandbook.