United States District Court
Middle District of Florida
Tampa Division

ERIK MISHIYEV,

    Plaintiff,

v.                                      No. 8:23-CV-1942-MSS-NHA

UMG RECORDINGS, INC;
SONY MUSIC ENTERTAINMENT;
THE ORCHARD MUSIC;
YT ROCKET; INGROOVES;
ODMEDIA NETWORK;
and VIOLENT MUSIC BV,

    Defendants.

___

**Defendants UMG Recordings, Inc., Ingrooves, Sony Music Entertainment, and Orchard Enterprises NY, Inc.'s <u>Unopposed Motion to Dismiss Plaintiff's Second Amended Complaint</u>**

Defendants UMG Recordings, Inc. ("UMG"), Ingrooves, Sony Music Entertainment ("SME"), and Orchard Enterprises NY, Inc. (erroneously sued as "The Orchard Music") ("The Orchard") (collectively, the "Moving Defendants"), hereby move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Second Amended Complaint filed by Plaintiff Erik Mishiyev *with prejudice* for failure to state a claim upon which relief can be granted. Significantly, counsel for the Moving Defendants contacted Plaintiff by email on March 22, 2024, to ask whether Plaintiff "will

oppose the relief sought" in this Motion, and Plaintiff responded that he "do[es] not oppose."

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

This is Plaintiff's *third* attempt to assert claims against the Defendants that he claims arise from takedown notices that Defendants allegedly sent to YouTube demanding that certain videos posted by the Plaintiff, that undeniably infringed upon the Defendants' copyrighted works, be removed from the platform.  Plaintiff previously filed a complaint and amended complaint against Defendants asserting claims arising from the termination of Plaintiff's YouTube Channel in 2018 that this Court dismissed as time-barred and preempted.  Plaintiff now brings this Second Amended Complaint, alleging new claims against Defendants relating to the termination of another one of his YouTube channels in 2022 and an alleged takedown notice sent by Defendant SME earlier this year.

Again, Plaintiff alleges that the takedown notices were sent pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, and seeks to assert a private right of action under 17 U.S.C. § 512(f) for alleged harm resulting from knowing and material misrepresentations by Defendants in sending the takedown notices.  But Plaintiff's claims are again fatally deficient. First, his Section 512(f) claim fails because he is unable to allege any facts that

would demonstrate that the Moving Defendants "knowingly" and "materially" misrepresented that Plaintiff's videos were infringing. Second, his state law claim is preempted by federal law. Accordingly, the Moving Defendants respectfully request that the Court grant their motion and dismiss the Second Amended Complaint with prejudice.

## II. Procedural History

Plaintiff, proceeding *pro se*, filed his initial Complaint on August 28, 2023, asserting claims for misrepresentation under Section 512(f) of the Copyright Act, tortious interference with business relations, and violation of Florida's Unfair and Deceptive Trade Practices Act. ECF No. 1. After the Court evaluated the merits of Plaintiff's Complaint, it ordered Plaintiff to file "an amended complaint that complies with Federal Rules of Civil Procedure." Nonetheless, Plaintiff filed an Amended Complaint on October 26, 2023, which asserted the same claims and underlying allegations as those in the initial Complaint. ECF No. 7.

On January 12, 2024, the Moving Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint as barred by the applicable statute of limitations and for failure to state a claim. ECF No. 27. On February 16, 2024, the Court dismissed Plaintiff's Section 512(f) claim without prejudice and dismissed Plaintiff's state law claims with prejudice. ECF No. 38. In dismissing Plaintiff's Section 512(f) claim without prejudice, the Court

explained that Plaintiff's claim based on the termination of his YouTube channel in December 2018 was time-barred by the Copyright Act's three-year statute of limitations period. *Id.* at 2. However, due to vague references to alleged recent harm in Plaintiff's Opposition to the Moving Defendant's Motion to Dismiss, the Court granted Plaintiff leave to file a second amended complaint to set forth any allegations of harm caused by Defendants within the limitations period. *Id.* at 2-3.

On March 9, 2024, Plaintiff filed the Second Amended Complaint attempting to assert a Section 512(f) claim based on takedown notices purportedly sent by the Defendants between 2021 and 2024 and a claim for intentional infliction of emotional distress under state law. ECF No. 39. However, Plaintiff only alleges that a single takedown notice was sent by Defendant SME in January 2024 and does not otherwise allege that any takedown notices were sent by any other Defendants from 2021 through present. *Id.* ¶ 27 & Ex. B.

Moreover, even if Plaintiff's new allegations are sufficient to avoid dismissal on statute of limitations grounds (and the Moving Defendants note that Plaintiff's Second Amended Complaint does not add any new allegations regarding conduct by Defendants UMG, Ingrooves or The Orchard within the limitations period), Plaintiff *still* fails to allege sufficient facts to support a

4

Section 512(f) claim against Defendants and his state law claim, like his previously dismissed state law claims, is preempted by the Copyright Act.

## III. Relevant Facts[1]

While Plaintiff's prior complaints were based on the termination of his YouTube channel in December 2018, Plaintiff now alleges that he "started new YouTube channels" that have been affected by takedown notices issued by the Defendants, including his "[second] biggest channel" that was terminated in October 2022 and a channel that Plaintiff created in January 2024. Second Am. Compl. ¶¶ 26-27, 36.

However, Exhibit C to Plaintiff's Second Amended Complaint demonstrates that the *actual* reason Plaintiff's channel was terminated by YouTube in October 2022 was due to the independent determination by YouTube that his new channel was linked to his YouTube channel that was terminated in December 2018, and *not* due to any takedown notices issued by Defendants. *Id.* Ex. C.

Despite this dispositive flaw, which should be grounds for dismissal *with prejudice* of Plaintiff's claims relating to the 2022 termination of his channel, Plaintiff attempts to convert his unsubstantiated allegations into a Section 512(f) claim by simply asserting that Defendants sent takedown notices that

---

[1] The Moving Defendants accept Plaintiff's allegations as true for purposes of this Rule 12(b)(6) motion only.

5

were "false." *Id.* ¶¶ 43, 45, 48, 56.

In making that claim, Plaintiff relies on the empty assertion that any flagged content posted on his YouTube Channel was protected by the fair use doctrine. *Id.* ¶¶ 20, 25, 39, 56. In support of this claim, Plaintiff alleges that the videos "demonstrate[ ] himself performing, mixing, scratching, talking, DJ'ing, sometimes live sometimes pre-recorded, as countless other DJ's do online." *Id.* ¶ 16. Of course, Plaintiff's video of himself playing Defendants' copyrighted works is an unauthorized derivative work and does not somehow transform the works into a protectable new work. Not surprisingly, Plaintiff does not allege any facts which might provide any support for his claim.

Instead, Plaintiff makes the conclusory and demonstrably false allegation that his videos "in no way[,] shape[,] or form resemble any original works created by Defendants." *Id.* ¶¶ 16-17. However, the videos undeniably contain performances of Defendants' copyrighted works. The fact that Plaintiff strings together performances of many recordings into a 60-minute video does not change the content of the recordings.

Moreover, all these assertions focus on the alleged content of the videos and do not address, let alone demonstrate, that the Defendants made any knowing misrepresentations in their takedown notices. His only attempt to do that consists of his legally irrelevant and factually unsupported assertion that he is being "targeted" and "purposefully sabotaged" by Defendants in an

attempt to prevent Plaintiff from competing with artists signed to Defendants' record labels. *Id.* ¶ 14.

## IV. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Although *pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys," *pro se* litigants "must still meet minimal pleading standards." *Smith v. Automatic Data Processing, Inc.*, No. 20-cv-2936, 2021 WL 4148326, at *2 (M.D. Fla. Sept. 13, 2021). Additionally, a district court may dismiss a complaint with prejudice "when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

## V. The Court Should Dismiss Each Of Plaintiff's Causes Of Action With Prejudice For Failure To State A Claim.

After multiple attempts to amend his Complaint, Plaintiff *still* fails to state a claim against the Moving Defendants upon which relief can be granted. Once again, Plaintiff fails to allege *any* evidentiary foundation that would, if proven, satisfy his burden to prove that the Moving Defendants made knowing and material misrepresentations that damaged Plaintiff. Additionally, his state law claim is preempted by the Copyright Act.

### A. Plaintiff Fails To Sufficiently Plead A Claim For Misrepresentation Under Section 512(f) Of The Copyright Act.

To state a claim for misrepresentation under Section 512(f) of the Copyright Act, Plaintiff must allege that the defendant "<u>knowingly and materially</u> misrepresent[ed]" that copyright infringement has occurred by filing a DMCA takedown notification. *Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1026 (N.D. Cal. 2015) (emphasis added) (quoting 17 U.S.C. § 512(f)). "The crux of the inquiry under Section 512(f)—which must be alleged in a Section 512(f) claim—is whether the statement furnished in the DMCA notification [is based on] 'the complaining party['s] . . . good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.'" *Weinberg v. Dirty World, LLC*, No. CV 16-9179, 2017 WL 5665022, at *5 n.7 (C.D. Cal. Apr. 24, 2017) (quoting 17

8

U.S.C. § 512(c)(3)(A)(v)). Whether a copyright owner issued its takedown notice in "good faith" is analyzed under a subjective standard. *Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004). Thus, when pleading a Section 512(f) claim, Plaintiff must allege sufficient facts <u>*that the Moving Defendants knew*</u> that Plaintiff's videos were not infringing on its copyrights when they issued their takedown notices. *See id.* at 1004-06.

However, Plaintiff still fails to allege *any* facts that would even suggest that the Moving Defendants "knowingly and materially" misrepresented that Plaintiff's videos were infringing when they allegedly issued the DMCA takedown notices. As a threshold matter, Plaintiff never alleges – nor could he – that his videos did not, in fact, use Defendants' copyrighted works or that his use was authorized. Rather, Plaintiff's case is based on the entirely unsupported legal conclusion that videos of him acting as a DJ and engaging in unauthorized performances of copyrighted material constitute fair use.

> **1. Plaintiff's Allegations Are Insufficient As A Matter of Law To Show That His Use Of The Moving Defendants' Copyrighted Material Was A "Fair Use".**

The "fair use" defense under Section 107 of the Copyright Act "specifically permits the unauthorized use of [a] copyrighted work 'for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research.'" *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1238 (11th Cir. 2010) (quoting 17 U.S.C. § 107).

9

Here, Plaintiff makes no allegations that he was engaged in any such use of the copyrighted works. Rather, he concedes that the videos merely demonstrate him "performing, mixing, scratching, talking, [and] DJ'ing." Second Am. Compl. ¶ 16. These allegations do not provide the foundation for a finding of fair use. Indeed they do the contrary and demonstrate the infringing nature of Plaintiff's videos. Apart from that allegation, all Plaintiff offers to support a claim of fair use is that the videos are "60 minutes in length" and thus allegedly do not "resemble any original works created by Defendants." *Id.* ¶ 17. The fact that Plaintiff strung together a series of infringing performances which are thus longer than any of the infringed works individually is not a "transformative use" that "alter[s] the [original] work with new expression, meaning, or message." *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 541 (2023) (first bracket in original). Rather, it is blatant copyright infringement.

In the absence of a plausible claim of fair use, Plaintiff's videos were clearly infringing, the Moving Defendants had an absolute right to send takedown notices, and Plaintiff's claim must be dismissed with prejudice.

> **2. Plaintiff Fails To Allege Knowing Misrepresentations By The Moving Defendants In Sending The Takedown Notices.**

Ultimately, a Section 512(f) claim revolves around the Defendants' subjective intent in issuing the takedown notices. *See Rossi*, 391 F.3d at 1004-

05. Plaintiff's subjective view of the application of the fair use doctrine is not remotely probative as to that dispositive issue. The fact that the Second Amended Complaint essentially concedes infringement and does not lay the foundation for a finding of fair use as a matter of law should be dispositive. Since Plaintiff's videos were infringing on their face, the Moving Defendants were entitled as a matter of law to send take down notices to get them removed from public platforms. Accordingly, Plaintiff cannot demonstrate that the Moving Defendants knew that their allegations of infringement were false and that they nevertheless proceeded to make them anyway.

Finally, Plaintiff asserts that the Moving Defendants "targeted" and "purposefully sabotaged" him in an attempt to prevent him from competing with artists signed by the Moving Defendants, Second Am. Compl. ¶ 14, and that his YouTube videos are no different than what "countless other DJ's" post online, *id.* ¶ 16. As a threshold matter, even if these factually unsupported allegations were true, they have *no* bearing on whether the Moving Defendants were acting in good faith in issuing the alleged takedown notices pursuant to their legal rights, especially where Plaintiff's videos were clearly infringing reproductions, distributions, and public performances of the Moving Defendants' copyrighted works actionable under the Copyright Act. *See supra* Section V.A.1.

Moreover, as a matter of law, copyright owners can choose "to pursue either all infringers or none at all" and there is no rule "barr[ing a copyright owner] from suing any of the millions upon millions of direct infringers . . . unless all were sued." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1225 (C.D. Cal. 2007). Thus, the Moving Defendant's decision to pursue Plaintiff over other alleged infringers (if, in fact, that even occurred) does not speak to the accuracy of their allegations in the takedown notices at issue or their good-faith belief in the validity of their notices.

### B. Plaintiff's State Law Claim Is Preempted By The Federal Copyright Act.

Despite this Court's express ruling that state law claims based on DMCA takedown notices are preempted by federal law, Plaintiff asserts another state law claim for intentional infliction of emotional distress. Here, too, Plaintiff's state law claim for intentional infliction of emotional distress is based on the allegedly false DMCA takedown notices and, thus, is preempted by the Copyright Act.

As this Court correctly recognized in dismissing the state law claims in Plaintiff's prior complaint, state law claims based on DMCA takedown notices are preempted by federal law. ECF No. 38, at 3 (citing *Stevens v. Vodka & Milk, LLC*, No. 17-CV-8603, 2018 WL 11222927 at *2-3 (S.D.N.Y. Mar. 15, 2018)). Here, Plaintiff's intentional infliction of emotional distress claim is

12

undeniably based on the DMCA takedown notices issued by the Moving Defendants. Plaintiff incorporates by reference the allegations asserted in his Section 512(f) claim, *see* Second Am. Compl. ¶ 63, and alleges that "the acts of Defendants described herein"—i.e., the purportedly false DMCA takedown notices—are the basis for his state law claim, *id.* ¶ 64.

Plaintiff's claim is also foreclosed, as a matter of law, because the Moving Defendants have "do[ne] no more than exercise [their] legal rights in a permissible way" by sending the takedown notices. *Meritplan Ins. Co. v. Sayegh*, No. 6:05-cv-224-ORL-19JGG, 2005 WL 8159864, at *6 (M.D. Fla. Oct. 5, 2005). Because amendment would be futile, Plaintiff's state law claim should be dismissed with prejudice. *Hall*, 367 F.3d at 1262-63.

## VI. Conclusion

For the foregoing reasons, the Moving Defendants respectfully request that the Court grant this Motion and dismiss the Second Amended Complaint without further leave to amend.

Respectfully submitted,

/s/ Andrew H. Bart
Andrew H. Bart (Lead Counsel)
(N.Y. Bar No. 1206341)
*Pro Hac Vice*
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York 10036
(202) 891-1600 Phone

13

        (202) 891-1699 Fax
        ABart@jenner.com

        Loreal Rock (D.C. Bar No. 1656476)
        *Pro Hac Vice*
        Jenner & Block LLP
        1099 New York Avenue, Suite 900
        Washington, D.C. 20001
        (202) 639-6000 Phone
        (202) 639-6066 Fax
        LRock@jenner.com

## Local Rule 3.01(g) Certification

I contacted the opposing party by email on March 22, 2024, to ask whether Plaintiff "will oppose the relief sought" in this Motion, and represent that Plaintiff responded that he "do[es] not oppose" this motion to dismiss.