United States District Court
Middle District of Florida
Tampa Division

ERIK MISHIYEV,

    Plaintiff,

v.                                        No. 8:23-CV-1942-MSS-NHA

UMG RECORDINGS, INC;
SONY MUSIC ENTERTAINMENT;
THE ORCHARD MUSIC;
YT ROCKET; INGROOVES;
ODMEDIA NETWORK;
and VIOLENT MUSIC BV,

    Defendants.

---

**Motion For Leave to File Reply in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint**

    Defendants UMG Recordings, Inc. ("UMG"), Ingrooves, Sony Music Entertainment ("SME"), and Orchard Enterprises NY, Inc. (erroneously sued as "The Orchard Music") ("The Orchard") (collectively, the "Moving Defendants"), hereby move this Court, pursuant to Local Rule 3.01(d), for leave to file a short reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Second Amended Complaint.

    1.    On March 25, 2024, Moving Defendants filed an Unopposed Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion to

Dismiss") (Dkt. No. 42).[1]

2. On March 26, 2024, Plaintiff filed an Opposition to Moving Defendants' Motion to Dismiss (the "Opposition") (Dkt. No. 43).

3. Moving Defendants seek leave to file a reply to address specific assertions contained in the Opposition that Moving Defendants have not had an opportunity to address. First, Plaintiff presented a bare list of purportedly taken down videos in his Second Amended Complaint with no explanation as to how the list was relevant. However, in his Opposition he presents argument not contained in the pleading as to the purported significance of that list. Second, in his Opposition, Plaintiff makes the allegation, not contained in the pleading that he "notified [Moving Defendants] several times" about the takedowns. Defendants request an opportunity to explain why those allegations fail to provide sufficient foundational support for a misrepresentation claim under Section 512(f) of the Copyright Act as a matter of law.

4. Moving Defendants respectfully suggest that a short reply (of five pages or less) would aid the Court in an efficient and thorough review of the issues presented by their Motion to Dismiss.

---

[1] Undersigned counsel sent an email to Plaintiff asking if he "will oppose the relief sought" in the Motion to Dismiss, and Plaintiff responded, "I do not oppose but just relay this message to your clients. 1) I will appeal if I have to[;] 2) I will continue to file new lawsuits[.]"

5. Pursuant to Local Rule 3.01(d), the Court may, in its sound discretion, grant a motion for leave to file a reply. *See, e.g.*, *Ottaviano v. Nautilus Ins. Co.*, 2009 WL 425976, at *1 (M.D. Fla. Feb. 19, 2009) (granting motion for leave to file reply to address misstatements of fact and law).

6. For these reasons, Moving Defendants respectfully request that the Court enter an order granting them leave to file a reply, not to exceed five pages, to Plaintiff's Opposition.

Respectfully submitted,

/s/ Andrew H. Bart
Andrew H. Bart (Lead Counsel)
(N.Y. Bar No. 1206341)
*Pro Hac Vice*
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York 10036
(202) 891-1600 Phone
(202) 891-1699 Fax
ABart@jenner.com

Loreal Rock (Maryland Bar No.1712140143)
*Pro Hac Vice*
Jenner & Block LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
(202) 639-6000 Phone
(202) 639-6066 Fax
LRock@jenner.com

**Local Rule 3.01(g) Certification**

I contacted the opposing party on April 3, 2024 and represent the opposing party does oppose this motion for leave to file a reply.