United States District Court
Middle District of Florida
Tampa Division

ERIK MISHIYEV,

       Plaintiff,

v.                                No. 8:23-CV-1942-MSS-NHA

UMG RECORDINGS, INC;
SONY MUSIC ENTERTAINMENT;
THE ORCHARD MUSIC;
YT ROCKET; INGROOVES;
ODMEDIA NETWORK;
and VIOLENT MUSIC BV,

       Defendants.

---

### Defendants UMG Recordings, Inc., Ingrooves, Sony Music Entertainment, And Orchard Enterprises NY, Inc.'s
### <u>Reply In Support Of Motion To Dismiss Plaintiff's Second Amended Complaint</u>

The Second Amended Complaint (the "SAC") attempts to hold the Moving Defendants[1] liable for the termination of Plaintiff's YouTube channel in October 2022. However, Exhibit C to the SAC demonstrates that the *actual* reason Plaintiff's channel was terminated by YouTube in 2022 was its independent determination that his new channel was linked to his prior YouTube channel which YouTube had terminated in December 2018 for infringing activity, and *not* because of any acts of the Moving Defendants. (*See*

---

[1] Terms defined in the Motion to Dismiss Plaintiff's SAC are used similarly herein.

Am. Compl. Ex. C.)

Plaintiff's inability to state a claim under Section 512(f) of the Copyright Act is further underscored by his failure to set forth *any* allegations that the Moving Defendants issued takedown notices to YouTube containing knowing and material misrepresentations that Plaintiff's videos were infringing. In fact, Plaintiff never denies his unauthorized use of copyrighted content. Thus, to the extent any takedown notices were issued by any of the Moving Defendants, they were permissibly exercising their legal right to have unauthorized uses of their copyrighted material removed from the internet.

Moreover, it is clear that Plaintiff knows that he cannot state a claim but instead is wrongfully using the threat of ongoing litigation as an improper tool to extract payment. Indeed, in the same email he sent stating that he did not oppose the current motion, he instructed counsel to "relay this message to [the Moving Defendants][:] 1) I will appeal if I have to[;] 2) I will continue to file new lawsuits[;] 3) I will bring in YouTube in a joint lawsuit if I think that's necessary[.]" (*See* Ex. A.) Plaintiff further stated that without a settlement payment, the Moving Defendants "can continue to incur billable hours" and "stay in court for years to come." (*Id.*) Since there is no substantive foundation alleged to support Plaintiff's claims, the Moving Defendants ask this Court to dismiss the SAC with prejudice.

## **ARGUMENT**

**I.    Plaintiff Has Not Alleged A Knowing Misrepresentation By The Moving Defendants To Support A Section 512(f) Claim.**

As noted above, Plaintiff's allegations are insufficient *as a matter of law* to show that his unauthorized use of the Moving Defendants' copyrighted content was a fair use. (*See* Mot. at 9-11.) When pleading a Section 512(f) claim, Plaintiff *must* allege sufficient facts that the Moving Defendants *knew* that Plaintiff's videos were not infringing upon their copyrights when they issued the takedown notices. *See Rossi v. Motion Picture Ass'n of Am., Inc.*, 391 F.3d 1000, 1004-06 (9th Cir. 2004). Plaintiff has not – because he cannot – set forth a single allegation that has any bearing on the Moving Defendants' subjective intent in sending the takedown notices. (*See* Mot. at 10-12.)

In his Opposition, Plaintiff points to an ambiguous list of links to 28 unavailable and unidentifiable YouTube videos attached to the SAC. However, Plaintiff provides no explanation as to how that list is relevant to his Section 512(f) claim. (*See* Opp'n at 2.) Certainly, the list provides no basis to support a claim that the Moving Defendants knew Plaintiff's videos were not infringing and issued takedown notices anyway.

Plaintiff also asserts that he "notified [the Moving Defendants] several times" about the takedown notices. (Opp'n at 2.) Even if this allegation were true, it has no bearing on whether the Moving Defendants were acting in good

faith in sending takedown notices to remove infringing material pursuant to their legal rights.

## II.   Plaintiff's State Law Claim Is Foreclosed As A Matter Of Law.

Plaintiff's state law claim for intentional infliction for emotional distress is foreclosed as a matter of law, (*see* Mot. at 12-13), and Plaintiff makes no attempt to refute this dispositive point in his Opposition. Accordingly, this claim must also be dismissed with prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, the Moving Defendants respectfully request that the Court dismiss the Second Amended Complaint, with prejudice.

Respectfully submitted,

<u>/s/ Andrew H. Bart</u>
Andrew H. Bart (Lead Counsel)
(N.Y. Bar No. 1206341)
*Pro Hac Vice*
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York 10036
(202) 891-1600 Phone
(202) 891-1699 Fax
ABart@jenner.com

Loreal Rock (D.C. Bar No. 1656476)
*Pro Hac Vice*
Jenner & Block LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
(202) 639-6000 Phone
(202) 639-6066 Fax
LRock@jenner.com

# EXHIBIT A

**From:** Erik Mishiyev <erikmishiyev@gmail.com>
**Sent:** Friday, March 22, 2024 1:20 PM
**To:** Rock, Loreal R. <LRock@jenner.com>
**Cc:** DJ Short-e <djshortehot4eva@gmail.com>
**Subject:** Re: Mishiyev v. UMG Recordings, Inc., et al., Case No. 8:23-cv-01942-MSS-NHA

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

I do not oppose but just relay this message to your clients.

1) I will appeal if I have to
2) I will continue to file new lawsuits until this is resolved
3) I will bring in YouTube in a joint lawsuit if I think that's necessary

I am open to a settlement or they can continue to incur billable hours and someone who will not stop suing until justice is served.

So if they want to stay in court for years to come I'm all for it!


Thank You,
Erik Mishiyev
917-727-4684

This email and any files transmitted with it are confidential and intended solely for the use of the
individual or entity to whom they are addressed.


On Fri, Mar 22, 2024 at 1:14 PM Rock, Loreal R. <LRock@jenner.com> wrote:

Mr. Mishiyev,

Defendants UMG Recordings, Inc., Ingrooves, Sony Music Entertainment, and Orchard Enterprises NY, Inc. (collectively, the "Moving Defendants") intend to file a motion to dismiss the Second Amended Complaint in the above-referenced matter pursuant to Federal Rule of Civil Procedure 12(b)(6). The bases for the motion include the following:

(1) Plaintiff has failed to sufficiently plead a claim for misrepresentation under Section 512(f) of the Copyright Act; and

(2) Plaintiff's state law claim is preempted by the federal Copyright Act.

Pursuant to Local Rule 3.01(g), please let us know whether you will oppose the relief sought in the forthcoming motion.

Regards,

Loreal Rock

Counsel for the Moving Defendants

**Loreal R. Rock**

**Jenner & Block LLP**
1099 New York Avenue, NW
Suite 900, Washington, DC 20001-4412 | jenner.com
+1 202 639 6888 | TEL
+1 202 424 9414 | MOBILE
LRock@jenner.com