UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

ERIK MISHIYEV,

Plaintiff,                                                                  Case No.: 8:23-cv-1942-MSS-NHA

v.

UMG RECORDINGS, INC,

*et al*.,

Defendants.

_____/

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

COMES NOW, the Plaintiff, ERIK MISHIYEV (the "Plaintiff" or "Mr. Mishiyev") and supplements his Response In Opposition re 42 Unopposed Motion To Dismiss Plaintiff's Second Amended Complaint, which was filed as Docket Entry [43], as follows:

**STATEMENT OF FACTS**

1. Plaintiff, ERIK MISHIYEV (the "Plaintiff" or "Mr. Mishiyev") has sued the Defendants UMG Recordings, Inc. ("UMG"), Ingrooves, Sony Music Entertainment ("SME"), and Orchard Enterprises NY, Inc. (erroneously sued as "The Orchard Music") ("The Orchard") (collectively, the "Defendants"), for damages and other relief.

2. The basis of the jurisdiction in this matter is based on federal question jurisdiction.

3. It is alleged that the Defendants have engaged in violations of 17 U.S.C. of 42 U.S.C. §512, which is the Digital Millennium Copyright Act (the "DMCA").

4. The Defendants have argued that the claims are deficient and that they are barred by the applicable statute of limitations.

1

5. The Defendants argue that there are no facts to support the statement that they knowingly and materially misrepresented that his videos were infringing.

6. There was a Second Amended Complaint that was filed and a Motion To Dismiss and a Response In Opposition.

7. Due to a newly issued U.S. Supreme Court case, the Plaintiff is filing this Supplemental Brief.

## **LEGAL ARGUMENTS**

8. On May 9, 2024, The U.S. Supreme Court issued a decision in the case of *Warner Chappell Music, Inc. v. Nealy, et al.*, No. 22-1078 and it goes directly to the arguments in this matter.

9. There is a three-year statute of limitations for filing a lawsuit under the DMCA, however there is also the discovery rule, which allows a claim to start to accrue from the time that a Plaintiff discovers it with due diligence.

10. The new U.S. Supreme Court case also sets forth that there is no limit of the time limit on monetary damages. In other words, there is not a three-year cap on damages.

11. In this matter, the Plaintiff is entitled to damages for acts that occurred more than three years before the filing of this lawsuit.

12. Under the discovery rule, the Defendants admit that a claim occurs when the Plaintiff learns or it, pursuant to *Nealy v. Warner Chappell Music, Inc.*, 60 F. 4th 1325, 1329 (11th Cir. 2023) and in this matter, the Plaintiff only discovered the misconduct of the Defendants in 2022.

13. This new case is extremely important, as the Plaintiff had cited to the case when it was in the 11th circuit and the holding has been upheld by the U.S. Supreme Court.

14. As recently as 2023 and into 2024 the Defendants have continued to send false DMCA takedown notices and continue to target and sabotage the Plaintiff.

15. The Plaintiff has set forth sufficient allegations to support the causes of action, especially in light of the new U.S. Supreme Court case that is cited.

**WHEREFORE**, Plaintiff, Mr. Mishiyev prays that the Court deny the Motion To Dismiss and take notice of the new case cited herein.


RESPECTFULLY SUBMITTED on this 12th day of May 2024.


By: *Erik Mishiyev*
Plaintiff, ERIK MISHIYEV

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on counsel for the Defendants by email as follows:

Andrew H. Bart (Lead Counsel)
(N.Y. Bar No. 1206341)
Pro Hac Vice
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York 10036
(202) 891-1600 Phone
(202) 891-1699 Fax
ABart@jenner.com

Loreal Rock (Maryland Bar No.1712140143)
Pro Hac Vice
Jenner & Block LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
(202) 639-6000 Phone
(202) 639-6066 Fax
LRock@jenner.com


RESPECTFULLY SUBMITTED this 12th day of May 2024


By: *Erik Mishiyev*
Plaintiff, ERIK MISHIYEV