UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIK MISHIYEV,

Plaintiff,                                              Case No.: <u>8:23-CV-1942-MSS-NHA</u>

v.

UMG RECORDINGS, INC,

*et al*.,

Defendants.
_____/

### PLAINTIFF'S SIGNIFICANT YOUTUBE EVIDENCE/EXHIBIT 09-22-2024

COMES NOW, the Plaintiff, ERIK MISHIYEV (the "Plaintiff" or "Mr. Mishiyev") respectfully files this significant supplemental exhibit which shows interaction with YouTube's copyright team on <u>**09-22-2024**</u> (where YouTube states the Defendant's should have taken court action against Mr. Mishiyev to keep his content off YouTube.) **See Exhibit A below/attached.**

But as we all know, this did not occur and the Defendant's instead decided to take the law into their own hands and held Plaintiff's content hostage, which caused him extreme harm and injury in the past, present and future.

### STATEMENT OF FACTS

1. It is alleged that the Defendants have engaged in violations of 17 U.S.C. of 42 U.S.C. §512, which is the Digital Millennium Copyright Act (the "DMCA") along with Interfering with his only source of income which has caused him a major severe hardship.

2. The Defendants have argued that the claims are deficient and that they are barred by the applicable statute of limitations.

3. The Defendants argue that there are no facts to support the statement that they knowingly and materially misrepresented that his videos were infringing.

4. Due to a newly issued U.S. Supreme Court case, the Plaintiff is filing this Motion for relief.

5. The Plaintiff has lost his only source of income and lost his house and does not have any stable income and is getting in debt because of the unlawful actions of the Defendants.

## LEGAL ARGUMENTS

6. On May 9, 2024, The U.S. Supreme Court issued a decision in the case of *Warner Chappell Music, Inc. v. Nealy, et al.*, No. 22-1078 and it goes directly to the arguments in this matter.

7. There is a three-year statute of limitations for filing a lawsuit under the DMCA, however there is also the discovery rule, which allows a claim to start to accrue from the time that a Plaintiff discovers it with due diligence.

8. The new U.S. Supreme Court case also sets forth that there is no limit of the time limit on monetary damages. In other words, there is not a three-year cap on damages.

9. In this matter, the Plaintiff is entitled to damages for acts that occurred more than three years before the filing of this lawsuit, and for current and future damages totaling well over **$1,000,000 (million) dollars.** Many YouTuber's make 1 million dollars a year!

10. Under the discovery rule, the Defendants admit that a claim occurs when the Plaintiff learns or it, pursuant to *Nealy v. Warner Chappell Music, Inc.*, 60 F. 4th 1325, 1329 (11th Cir. 2023) and in this matter, the Plaintiff within the last few years discovered the misconduct of the Defendants is actionable.

11. This new case is extremely important, as the Plaintiff had cited to the case when it was in the 11th circuit and the holding has been upheld by the U.S. Supreme Court.

12. From 2018 to 2024 the Defendants have continued to send false DMCA takedown notices and continue to target and sabotage the Plaintiff.

13. The Plaintiff has met all the required elements and set forth sufficient allegations to support the causes of action, especially considering the new significant U.S. Supreme Court case that Plaintiff has cited.

14. The Plaintiff has shown overwhelming evidence that he has been discriminated against, unfairly targeted and sabotaged by the Defendant's on YouTube, while countless other DJ channels continue to exist.

15. Plaintiff believes the Defendants are using unlawful anti-competitive and monopolistic tactics to eliminate any competitor's they deem to be a threat to the artists; signed to their labels. The DOJ has sued Live Nation Entertainment and Google recently for these types of unlawful practices and it is also publicly known that the Defendants are associated with Live Nation too!

16. Plaintiff requests a preliminary injunctive relief so he can try to rebuild his self-employed business which was forced into Bankruptcy because of the Defendant's actions.

**WHEREFORE**, Plaintiff, Mr. Mishiyev prays that the Court deny the Motion to Dismiss and allow a Discovery process to begin while issuing an injunctive relief requesting that the Defendant's release Plaintiff's videos back to YouTube and the Plaintiff, so Mr. Mishiyev's hard work, reputation, content and channels to possibly begin to be, recovered and restored.

*RESPECTFULLY SUBMITTED UNDER OATH,*
on this 23rd day of September 2024.

ERIK MISHIYEV/PLAINTIFF

**EXHIBIT A**



DJ Short-e <djshortehot4eva@gmail.com>

## Re: Copyright Counter Notifications

**YouTube Copyright** <youtube-disputes+2tmbsrbojo3h30q@google.com>  Sun, Sep 22, 2024 at 3:22 AM
Reply-To: YouTube Copyright <youtube-disputes+2tmbsrbojo3h30q@google.com>
To: djshortehot4eva@gmail.com

Hello,

Keep in mind that when you submit a counter notification, you consent to sharing the information in it, including your personal information, with the claimant. If disclosing your personal information is a concern, an authorized representative (such as an attorney) may email the counter notification on your behalf to copyright@youtube.com.

Also remember that the counter notification process is a legal process. The claimant is required to take legal action against you to prevent the content at issue from being reinstated to YouTube. You can learn more about the counter notification process in our Help Center.

Sincerely,
The YouTube Team

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on counsel for the Defendants by email as follows:

Andrew H. Bart (Lead Counsel)
(N.Y. Bar No. 1206341)
Pro Hac Vice
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York 10036
(202) 891-1600 Phone
(202) 891-1699 Fax
ABart@jenner.com

Loreal Rock (Maryland Bar No.1712140143)
Pro Hac Vice
Jenner & Block LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
(202) 639-6000 Phone
(202) 639-6066 Fax
LRock@jenner.com

RESPECTFULLY SUBMITTED this 23rd day of September 2024.

By: ___*Erik Mishiyev*___
Plaintiff, ERIK MISHIYEV
6697 Emmy Lane Apt 309
Tampa, FL 33544
917-727-4684
ErikMishiyev@gmail.com