UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIK MISHIYEV,**

    **Plaintiff,**

v.                                                            Case No: 8:23-cv-1942-MSS-NHA

**UMG RECORDINGS, INC., et al.,**

    **Defendants.**

_____

**PLAINTIFF'S NOTICE TO DEFENDANTS FOR DISCOVERY AND PRODUCTION OF DOCUMENTS AND DEPOSITIONS**

**THIS CASE** is currently before the Court for consideration of both parties' motions and pleadings. On 7/3/2024 the Honorable Judge Mary S. Scriven issued an Endorsed Order Granting Plaintiff's Motion for an Emergency Time Sensitive Case Update. (Dkt. 53) The Court stated as follows:

(1) the Court is aware of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint; (2) the Court is aware of the recent Supreme Court decision in Warner Chappel Music, Inc., v. Nealy, 144 S. Ct. 1135 (2024); and, (3) the Court has taken Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint under advisement and the Parties will be notified once the Court has issued a decision on the motion.

Plaintiff has e-mailed Defendants counsel on 10/28/24 AND again on 10/29/2024 for Discovery and for "Production of Documents and Depositions" to begin as he has informed Defendants of Zoom video tape depositions the Plaintiff

1

has scheduled to take place on <u>12/2/2024</u> from 12pm-3pm. **(See attached)**

The Defendants' attorney is not responding to Plaintiff's emails and knows for a fact her clients are not cooperating with the Fair Use Laws, DMCA laws and has not advising her clients that they have shown great hypocrisy when it comes to Mr. Mishiyev and the countless other DJ's on YouTube who post same content.

Plaintiff is required to prove his case and in accordance with FL procedures and Rule(s) 1.280, Rule 34 and Rule 26(b), as depositions are necessary to <u>discover the exact employees responsible</u> for the allegations found in Plaintiff's complaint(s).   The Plaintiff would like to specifically depose all Defendant's managers and/or directors who are responsible for handling/processing the DMCA claims, disputes and Copyright Counter Notifications they receive. The Plaintiff needs relevant documents as well in order to discover if there was **Malicious** intent to **Interfere** and **harm the Plaintiff** or if there was **Gross Negligence** and **Unfair Business Practices** or even a **Civil Conspiracy** that may have occurred with respect to Fair Use and DMCA guidelines and laws.

Trial courts follow the Florida Rules of Civil Procedure to determine when to stay discovery. Therefore, a party filing a motion to dismiss a case is <u>not sufficient</u> for the trial court to stay discovery. Discovery will proceed even while the court resolves the motion. However, the court has discretion to postpone discovery for a reasonable time pending determination of *material* outstanding motions.

2

Simply having pended unresolved motions does not justify postponing discovery for an unreasonable period of time within the purview of Rule 1.280. See: Deltona Corporation v. Bailey, 336 So. 2d 1163, 1169 (Fla. 1976)

**RESPECTFULLY SUBMITTED**
in Tampa, Florida,

This 29th day of October 2024.

/s/Erik Mishiyev
Plaintiff Pro Se
4504 W Spruce St Apt 365
Tampa, FL 33607
(917) 727-4684