UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIK MISHIYEV,**

    **Plaintiff,**

**v.**                                                                 Case No: 8:23-cv-1942-MSS-NHA

**UMG RECORDINGS, INC., et al.,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendants' UMG Recordings, Inc., Ingrooves, Sony Music Entertainment, and Orchard Enterprises NY, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint, Plaintiff's response in opposition thereto, and Defendants' reply. (Dkts. 42, 43, and 47) The Court has also considered Plaintiff's Motion for Reconsideration of the Court's previous Order dismissing Plaintiff's Amended Complaint. (Dkts. 38, 54, 55) Defendants have failed to respond to the Motion for Reconsideration, and the time to do so has passed. Thus, pursuant to Local Rule 3.01(c), the Motion is subject to treatment as unopposed but with the Court's determination as to the merits. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and **DENIES** Plaintiff's Motion for Reconsideration.

I. **BACKGROUND**

a. **The Digital Millenium Copyright Act ("DMCA")**

This action arises out of a series of purportedly fraudulent Digital Millenium Copyright Act ("DMCA") claims, disputes, and takedown notices issued by the Defendants and provided to YouTube, an online video-sharing platform. (Dkt. 39 at 7) The Defendants in this case are UMG RECORDINGS, INC, SONY MUSIC ENTERTAINMENT ("SME"), THE ORCHARD MUSIC, YT ROCKET, INGROVEES, ODMEDIA NETWORK, and VIOLENT MUSIC BV. (Id. at 1) They all contend that Plaintiff engaged in multiple instances of copyright infringement.

Under the DMCA takedown policy, copyright owners, such as Defendants, may file a notice with participating service providers, like YouTube, to have allegedly infringing materials removed from a service provider's website. (Id. at 8); see 17 U.S.C § 512(c)(3). In exchange, the service provider is immune from liability for its users' potentially infringing actions. (Dkt. 39 at 8); see 17 U.S.C § 512(c)(1). The notice must include specific information, including a statement made under penalty of perjury that the copyright owner is not filing a fraudulent take-down notice. (Dkt. 39 at 8); see 17 U.S.C § 512(c)(3). The penalties for misrepresentation can include actual damages and attorney's fees. (Dkt. 39 at 8)

In that regard, 17 U.S.C § 512(f) of the DMCA provides that:

> Any person who knowingly materially misrepresents under this section—

> (1) that material or activity is infringing, or
>
> (2) that material or activity was removed or disabled by mistake or misidentification,
>
> shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

(Dkt. 39 at 8 (citing 17 U.S.C. § 512(f))) Plaintiff claims that Defendants sent multiple notifications to YouTube, notifying it that Plaintiff had been infringing on their copyrighted works ("DMCA Takedown Notice"). In this action, Plaintiff alleges that Defendants filed such DMCA Takedown Notices with the knowledge that they were misrepresenting that Plaintiff had engaged in copyright infringement. (Dkt. 39)

### b. Facts[1] and Procedural Background

As alleged in the Second Amended Complaint, Plaintiff, known as "DJ Short-E," was one of the most highly successful music DJs in the hip-hop industry and operated multiple YouTube channels from 2008-2024. Plaintiff's YouTube channels had a combined total of over 250,000+ subscribers. (Dkt. 39 at 7) Plaintiff was rewarded with a YouTube award and spent 10 years creating content and investing

---

[1] On a motion to dismiss, the Court assumes that the factual allegations from a plaintiff's complaint are true and, thus, relies on Plaintiff's Second Amended Complaint in its recitation of the facts. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

3

in his YouTube channel(s). (Id.) Users can monetize their YouTube channels while making a decent living from Google's AdSense program, which places advertisements on user's videos and channels. (Id.) A content creator, such as Plaintiff, generates ad revenue based on the number of video views and ad clicks. (Id.)

Plaintiff states that, in his videos, he "demonstrates himself performing, mixing, scratching, talking, DJ'ing, sometimes live sometimes pre-recorded, as countless other DJs do online." (Id. at 4) Plaintiff states he owns and created all the videos at issue. (Id.) He claims that all the videos he uploaded to YouTube are transformative videos that include Plaintiff's face, voice, logos, original works, and more. (Id.) Plaintiff asserts that the videos are "60 minutes in length and do not resemble . . . any original works created by Defendants, nor has Plaintiff harmed the Defendants or violated any copyrights." (Id.)

The Court previously dismissed Plaintiff's Amended Complaint, finding that Plaintiff's Copyright Act claim against Defendants was time-barred. (Dkt. 38) The Copyright Act requires actions to be commenced within three years after a claim has accrued. See 17 U.S.C. § 507(b). In his Amended Complaint, Plaintiff had alleged YouTube notified him "on or about December 14, 2018, . . . that they were permanently canceling his YouTube channels." (Dkt. 7 at ¶ 23) Because Plaintiff initiated this action more than four years later on August 28, 2023, the Court dismissed Plaintiff's claims on statute of limitations grounds. (Dkts. 1, 38) The Court, however, noted that Plaintiff had raised new claims of harm, not asserted in

4

his Amended Complaint, in opposition to Defendants' motion to dismiss. (Dkt. 38 at ¶ 3) Specifically, Plaintiff argued that Defendants had continued to harm him, "as recently as 2023 and into 2024," by sending "false [DMCA] takedown notices," and ignoring Plaintiff's copyright counter-notifications in response. (Id. (citing Dkt. 31 at ¶ 13)) As such, the Court granted Plaintiff leave to file a second amended complaint to allege any claim of injury or damage not barred by the three-year statute of limitations, namely claims of injury or damage arising after December 14, 2020. (Id.)

In the Second Amended Complaint, Plaintiff alleges that on October 24, 2022, YouTube notified him that his second largest channel was terminated. (Dkt. 39 at 7) At the time his YouTube channel was canceled, Plaintiff had accumulated over 100 million views and had earned over $310,000.00 from YouTube. (Id.) Plaintiff also claims he re-uploaded the same videos mentioned in the Amended Complaint and other new videos to a new channel he created in January 2024 "to demonstrate and prove that Defendants are specifically stalking and targeting him from making any sort of comeback on YouTube." (Id. at 6) Plaintiff claims he received another video takedown notice from YouTube because of the allegedly unlawful and fraudulent actions of the Defendants as recently as February 28, 2024. (Id.)

Plaintiff alleges Defendants are targeting and purposefully sabotaging him so that he cannot compete against the artist(s) signed to their record labels. (Id. at 4) Plaintiff claims he has been severely harmed and has "incurred damages substantially more than $400,000 which include, inter alia, direct and consequential damages, extra expenses, loss of profits, attorney's fees and damages." (Id. at 6) He

5

also claims Defendants' actions forced him to file for bankruptcy. (Id. at 7)

In Count I, Plaintiff alleges Defendants "knew at the time they sent the takedown notices that the representations in the takedown notices that material or activity was infringing were false," in violation of 17 U.S.C. § 512(f). (Dkt. 39 at 10) Plaintiff asserts that "nothing that was posted on [his] YouTube channel falls outside of the 'Fair Use' doctrine of the copyright laws." (Id. at 11) He claims he suffered damages within the statute of limitations due to the cancellation of his second largest YouTube channel in October 2022. (Id. at 10) Plaintiff also alleges Defendants have continued to harm and harass him "in emails found from 2022, 2023, and into 2024 by targeting Plaintiff and sending false claims and [DMCA] takedown notices and continu[ing] to ignore Plaintiff's copyright counter-notifications." (Id. at 12) In Count II, Plaintiff raises a claim of intentional infliction of emotional distress. (Id. at 12-13)

Defendants move to dismiss Plaintiff's Second Amended Complaint with prejudice, arguing that "his Section 512(f) claim fails because he is unable to allege any facts that would demonstrate that [they] 'knowingly' and 'materially' misrepresented that Plaintiff's videos were infringing." (Dkt. 42 at 3) Defendants also assert that his state law claim for intentional infliction of emotional distress is preempted by federal law. (Id.)

In opposition, Plaintiff claims that the facts support his contention that Defendants knowingly and materially misrepresented that his videos were infringing "as Plaintiff has notified them several times regarding the old and ongoing incidents

6

that have a direct connection to his livelihood and they should know what they are doing is causing severe harm to Plaintiff." (Dkt. 43 at 2) He also asserts that he has brought his claims within the statute of limitations. (Id. at 5-7) Defendants filed a brief reply in further support of their motion. (Dkt. 47) The motion is now ripe for review.

## II.     STANDARD OF REVIEW

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is "exceedingly low." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A., et al, 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 560–63 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to prove the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 553–556).

In evaluating the sufficiency of a complaint in light of a motion to dismiss, the court must accept the well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus,

7

dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989). While a statute of limitations is typically an affirmative defense, it may also serve as the basis for dismissal under Rule 12(b)(6) "if it is 'apparent from the face of the complaint' that the claim is time-barred." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003)).

### III. DISCUSSION

#### a. Plaintiff Has Alleged A Claim Within the Copyright Act's Statute of Limitations.

Defendants first contend that Plaintiff has not alleged a claim within the Copyright Act's statute of limitations provision because "Plaintiff only alleges that a single takedown notice was sent by Defendant SME in January 2024 and does not otherwise allege that any takedown notices were sent by any other Defendants from 2021 through [the] present." (Dkt. 42 at 4) Defendants also note that Plaintiff's YouTube channel was terminated in October 2022 because of "YouTube's independent determination that his new channel was linked to his YouTube channel that was terminated in December 2018, and not due to any takedown notices issued by Defendants." (Id. at 5)

The Copyright Act's statute of limitations provides that "[n]o civil action shall be maintained . . . unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b); Warner Chappell Music, Inc. v. Nealy, 144 S. Ct.

8

1135, 1137 (2024). Here, contrary to Defendants' contention, Plaintiff alleges "Defendants have continued to harm and harass Plaintiff in emails found from 2022, 2023 and into 2024 by targeting Plaintiff and sending false claims and [DMCA] takedown notices." (Dkt. 39 at ¶ 61) Thus, unlike the First Amended Complaint, where there were no allegations of claims against the Defendants within the three-year statute of limitations period, Plaintiff has here specifically alleged that Defendants "harm[ed] and harass[ed]" him by "sending false claims and [DMCA] takedown notices" "from 2022, 2023 and into 2024." (Compare Dkt. 38 at ¶ 2 with Dkt. 39 at ¶ 61) As Plaintiff filed his complaint in August 2023, the Court finds that Plaintiff's allegations now demonstrate that he has properly commenced this action "within three years after the claim[s] [have] accrued." See 17 U.S.C. § 507(b); Nealy, 144 S. Ct. at 1137.

Defendants' arguments in opposition, noted above, are unavailing because they fail to address Plaintiff's allegation, raised later in the Second Amended Complaint, that all Defendants "harm[ed] and harass[ed]" him by "sending false claims and [DMCA] takedown notices" "from 2022, 2023 and into 2024." (Dkt. 39 at ¶ 61) As explained above, where a statute of limitations defense has been asserted, dismissal is appropriate under Rule 12(b)(6) only "if it is 'apparent from the face of the complaint' that the claim is time-barred." La Grasta, 358 F.3d at 845. Because Plaintiff's Second Amended Complaint sufficiently alleges that he has commenced a claim against the Defendants within the Copyright Act's three-year statute of limitations, the Court finds that dismissal is not appropriate at this stage.

### b. Material Misrepresentation Claim Under 17 U.S.C. § 512(f)

Defendants argue that Plaintiff fails to allege they made "knowing and material misrepresentations that damaged him" under 17 U.S.C. § 512(f) when they issued DMCA Takedown Notices against him. (Dkt. 42 at 8) "The term 'knowingly' under § 512(f) means that a party 'actually knew, should have known if it acted with reasonable care or diligence, or would have had no substantial doubt had it been acting in good faith, that it was making misrepresentations.'" Johnson v. New Destiny Christian Ctr. Church, Inc., No. 6:17-cv-710-Orl-37GJK, 2017 U.S. Dist. LEXIS 136788 at *7 (M.D. Fla. Aug. 25, 2017) (first quoting Online Policy Grp. v. Diebold, Inc., 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004); and then citing *Knowingly*, Black's Law Dictionary (8th ed. 2004)). "Knowledge 'may be alleged generally.'" Johnson, 2017 U.S. Dist. LEXIS 136788 at *7 (first quoting Curtis v. Shinsachi Pharm. Inc., 45 F. Supp. 3d 1190, 1199 (C.D. Cal. 2014); and then quoting Fed. R. Civ. P. 9(b)).

In Johnson, the court found that the plaintiff had presented sufficient facts for the court to draw the reasonable inference that defendants knowingly misrepresented copyright infringement to YouTube. 2017 U.S. Dist. LEXIS 136788 at *7. Specifically, the verified Complaint averred that: "(1) on multiple occasions, [Defendants] 'willfully, knowingly[,] and materially' made § 512(f) misrepresentations to YouTube that Johnson's videos were infringing [Defendant's] copyrights . . . ; (2) '[Defendant] did not hold a valid copyright registration or certificate to the content contained in [Johnson's] videos at the time of

10

the misrepresentations' . . . ; and (3) the material posted on Johnson's YouTube channel 'was used lawfully in accordance with 17 U.S.C. § 107 of the Copyright Act'—the fair use doctrine . . . ." Id. The court found that these allegations sufficed to support a § 512(f) claim. See id.

Unlike Johnson, Plaintiff has not alleged Defendants did not hold valid copyrights to the content contained in the videos he uploaded to YouTube. (Compare id. with Dkt. 39) However, Plaintiff has alleged that the DMCA Takedown Notices issued against him were "false" and that "nothing that was posted on the Plaintiff's YouTube channel falls outside of the 'Fair Use' doctrine of the copyright laws." (Dkt. 39 at ¶¶ 39, 56) Specifically, Plaintiff alleges Defendants "knew at the time they sent the takedown notices that the representations in the takedown notices that material or activity was infringing were false," in violation of 17 U.S.C. § 512(f). (Dkt. 39 at 10)

At this stage, the Court finds that Plaintiff's allegations are sufficient to withstand the motion to dismiss. First, Plaintiff specifically alleges that Defendants knowingly misrepresented copyright infringement to YouTube. (Dkt. 39 at ¶¶ 45, 47-49, 60); see Johnson, 2017 U.S. Dist. LEXIS 136788 at *7. Further, an unpublished panel opinion of the Eleventh Circuit has held that "failure to consider fair use before issuing a takedown notice constitutes a misrepresentation of copyright infringement under 512(f)." Johnson v. New Destiny Christian Ctr. Church, 826

11

Fed. App'x 766, 772 (11th Cir. 2020)[2] (citing Lenz v. Universal Music Corp., 815 F.3d 1145, 1151-54 (9th Cir. 2016)). Thus, taking Plaintiff's statements as true as the Court must on a motion to dismiss, Plaintiff has plausibly alleged a misrepresentation claim under § 512(f). Defendants' arguments for dismissal under 12(b)(6) are unpersuasive.

Defendants state that Plaintiff's allegations are insufficient as a matter of law to show that his use of their copyrighted material was a "fair use." (Dkt. 42 at 9-10) The "fair use" defense under Section 107 of the Copyright Act "specifically permits the unauthorized use of [a] copyrighted work 'for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research.'" Latimer v. Roaring Toyz, Inc., 601 F.3d 1224, 1238 (11th Cir. 2010) (quoting 17 U.S.C. § 107). Defendants state that Plaintiff's allegations fail to demonstrate he was engaged in any such use of their copyrighted works.

In this regard, Plaintiff alleges that the videos demonstrate him "performing, mixing, scratching, talking, [and] DJ'ing." (Dkt. 39 at ¶ 16) Defendants claim these allegations "do not provide the foundation for a finding of fair use." (Dkt. 42 at 10) The Court agrees that Plaintiff's for-profit use of Defendants' copyrighted works as a backdrop for commercial mixing, DJ'ing, scratching, and the development of quasi-original works likely does not fall within the definition of fair use.

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

As explained in Johnson, "a copyright holder's subjective good faith belief that the use in question was unauthorized and was not fair use is a complete defense to a § 512(f) misrepresentation claim." See Johnson, 826 Fed. App'x at 772. A Plaintiff is under no obligation to plead facts supporting an affirmative defense. Moreover, Lenz, which Johnson relies upon, "supports the conclusion that the question of whether a copyright owner formed a subjective good faith belief that an alleged infringer's copying of the work did not constitute fair use is, in most instances, a factual issue that is not appropriate for resolution on a motion to dismiss." See ENTTech Media Grp. LLC v. Okularity, Inc., No. 2:20-cv-6298-JWH-Ex, 2021 U.S. Dist. LEXIS 45118 at *12 (C.D. Cal. Mar. 10, 2021). In Johnson, the court found that the defendant had a subjective good faith basis for issuing DMCA Takedown Notices after relying on the opinions and investigative work of their counsel relating to infringement prior to issuing such notices. 826 Fed. App'x at 772. Counsel had submitted affidavits in which they opined that plaintiff's "use was infringing and was not a fair use." Id. But that case was on review of a district court's order on summary judgment. See id.

Here, by contrast, Defendants have not raised an affirmative defense to Plaintiff's misrepresentation claim, they have not filed a motion for judgment as a matter of law, and, of course, there is no evidence developed as to what formed the basis of Defendants' subjective good-faith belief that the use in question "was unauthorized and was not 'fair use.'" Cf. id. Thus, Defendant's motion to dismiss fails at this stage.

13

Based on the foregoing, the Motion is **DENIED** as to Count I.

### c. Intentional Infliction of Emotional Distress

Plaintiff raises an intentional infliction of emotional distress claim against Defendants. He contends that Defendants' acts constitute "outrageous conduct," "terrorized [him][,]" "and were intended to cause [him] to suffer emotional distress." (Dkt. 39 at 12) Plaintiff further claims, "in the alternative," that "Defendants engaged in the conduct with reckless disregard of the high probability of causing [him] to suffer emotional distress." (Id.) Defendants move to dismiss the claim with prejudice on the basis that federal law preempts Plaintiff's claim. (Dkt. 42 at 12-13)

In the Court's previous Order, the Court dismissed *with prejudice* Plaintiff's state law claims for Intentional Interference with Business Relations and under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), finding they were preempted under state law. (See Dkt. 38 at ¶ 4) The same result applies here. Because Plaintiff's state law claim for intentional infliction of emotional distress is based on the DMCA takedown notices issued by the Defendants, Plaintiff's state law claim is preempted under federal law. (See id. (citing Stevens v. Vodka & Milk, LLC, No. 17-cv-8603 (JSR), 2018 U.S. Dist. LEXIS 43666 at *5-6 (S.D.N.Y. Mar. 12, 2018) (agreeing with other courts and holding that defendants' counterclaim for intentional interference with contract under New York law is preempted by the DMCA because "DMCA takedown notices, and the system of which they are a part, are creations entirely of federal law.")) Notably, in opposition, Plaintiff fails to respond to

14

Defendant's motion to dismiss his intentional infliction of emotional distress claim. (See generally, Dkt. 43) Defendant's Motion to Dismiss Count II is **GRANTED**.

### d. Motion for Reconsideration

Because the Court has denied Defendant's Motion to Dismiss as to Count I, the Court **DENIES AS MOOT** Plaintiff's motion for reconsideration as to this Count. However, Plaintiff also moves for reconsideration of the Court's previous Order, dismissing his state law claims for Intentional Interference with Business Relations and under FDUTPA. That motion is due to be **DENIED**.

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993); accord Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b). See Fed. R. Civ. P. 59(e), 60(b). Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005); accord Imperato v. Hartford Ins. Co., 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam). It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." Madura v. BAC Home Loans Servicing L.P., No. 8:11-cv-2511, 2013 U.S. Dist. LEXIS 113262, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly

15

convincing" reasons for the Court to change its prior decision. Id. at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).

Plaintiff's motion fails to meet this standard. Plaintiff states that this Court should reconsider its decision because "Plaintiff alleges Defendants unfairly eliminated their competition by using unlawful anti-competitive tactics, stifling the competition and with monopoly practices, just like in the recent DOJ vs Live Nation Entertainment lawsuit which is headed by Attorney General Ashly Moody." (Dkt. 55 at 4-5) Plaintiff further states that "[t]he complaint was filed on 5/23/24 in the U.S. District Court for the Southern District of New York, alleges that Live Nation unlawfully exercises its monopoly power in violation of Section 2 of the Sherman Act. See Case No. 1:24-cv-03973 (AS)(SLC)." (Id. at 5) He claims that "[a]ll of these Defendants do business and are in fact associated with Live Nation Entertainment and Plaintiff alleges their artists stalked, targeted and sabotaged his YouTube videos and DJ career." (Id.) Plaintiff states that he "has filed lawsuits against the individuals and companies who colluded with these Defendants to destroy his career so he can not be as successful as them." (Id.) He states that "[t]hey completely ignored the Fair Use copyright laws which ha[ve] procedures in place to protect people from being targeted and interfered with. Plaintiff alleges Defendants are keeping his videos hostage!" (Id.)

Plaintiff's request for reconsideration, however, fails to address the Court's

16

dispositive finding that his state law claims were preempted by federal law, specifically the DMCA. (See Dkt. 38 at ¶ 4) In short, Plaintiff provides no intervening change in controlling law, no new evidence, and no demonstrated need to correct clear error or to prevent manifest injustice. As the Eleventh Circuit has explained, "[a] party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief." United States v. Dean, No. 20-11603, 838 Fed. App'x 470, 472 (11th Cir. Dec. 23, 2020).[3]

Accordingly, it is hereby **ORDERED** as follows:

1. Defendants' UMG Recordings, Inc., Ingrooves, Sony Music Entertainment, and Orchard Enterprises NY, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 42) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **DENIED** to the extent that Plaintiff's claim for misrepresentation under 17 U.S.C. § 512(f) may proceed. The Motion is **GRANTED** to the extent that Plaintiff's state law claim for intentional infliction of emotional distress is **DISMISSED WITH PREJUDICE**.

2. Plaintiff is directed to file a Third Amended Complaint within **THIRTY (30) DAYS** of the date of this order. The Third Amended Complaint shall **NOT** include any claim for intentional infliction of emotional distress. **If it**

---

[3] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

**does, the complaint will be stricken without further notice**. The Defendant will then have twenty-one (21) days to file its Answer or other Motion directed to the Third Amended Complaint.

3. Plaintiff's Motion for Reconsideration (Dkts. 54, 55) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of December 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person