United States District Court
Middle District of Florida
Tampa Division

ERIK MISHIYEV,

    Plaintiff,

v.                                        No. 8:23-CV-1942-MSS-NHA

UMG RECORDINGS, INC;
SONY MUSIC ENTERTAINMENT;
THE ORCHARD MUSIC;
YT ROCKET; INGROOVES;
ODMEDIA NETWORK;
and VIOLENT MUSIC BV,

    Defendants.

_____

**Defendants UMG Recordings, Inc., Ingrooves, Sony Music Entertainment, and Orchard Enterprises NY, Inc.'s <u>Opposition to Plaintiff's Motion to Compel Rule 26(f) Conference</u>**

Defendants UMG Recordings, Inc. ("UMG"), Ingrooves, Sony Music Entertainment ("SME"), and Orchard Enterprises NY, Inc. (erroneously sued as "The Orchard Music") ("The Orchard") (collectively, the "Defendants"), through their undersigned counsel, submit the following in opposition to Plaintiff's motion to compel the Defendants to participate in a Rule 26(f) conference and begin discovery prematurely in this case.

Plaintiff's motion should be denied for two independent reasons. *First*, he filed his motion without engaging in any meet and confer with Defendants, as required by Local Rule 3.01(g). *Second*, Plaintiff has not shown and cannot

show that a Rule 26(f) conference is practicable at this early stage of the case and before the Court has scheduled an initial conference. For these reasons, the Defendants respectfully request that the motion be denied.

## BACKGROUND

Plaintiff, acting *pro se* in this matter, is a serial litigant who has filed numerous baseless claims against the Defendants arising from copyright infringement notices or "takedown" requests that Defendants purportedly sent to YouTube concerning infringing content posted by Plaintiff on his YouTube channels. To date, Plaintiff has filed three amended complaints in this case, and in response to Defendants' motions to dismiss, the Court has dismissed three of Plaintiff's four claims with prejudice. (*See* ECF No. 61.)

On October 29, 2024, while Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint was still pending, Plaintiff sent an email to Defendants' counsel seeking the Defendants' consent to begin the discovery process. (*See* Declaration of Loreal Rock ("Rock Decl."), Ex. A, Oct. 31, 2024 Email from E. Mishiyev.) Defendants' counsel informed Plaintiff that the Defendants did not agree to begin the discovery prior to the resolution of their motion or the entry of a scheduling order by the Court. (*Id.*)

On December 9, 2024, this Court granted in part and denied in part the Defendants' motion to dismiss and instructed Plaintiff to file a Third Amended Complaint by January 8, 2025. (*See* ECF No. 61.) This Court provided that

Defendants would have 21 days after the filing of Plaintiff's Third Amended Complaint to file an answer or "other Motion directed to the Third Amended Complaint." (*Id.*) Plaintiff filed his Third Amended Complaint today (after the present motion was filed) and appears to include a barrage of new specious factual allegations. Nonetheless, Plaintiff again seeks to hold a Rule 26(f) conference and serve discovery before Defendants have even reviewed the new complaint and before the scheduling of an initial conference.

## ARGUMENT

### A. Plaintiff failed to confer with the Defendants before filing his motion as required by Local Rule 3.01(g)(1).

Local Rule 3.01(g)(1) *requires* that "before filing a motion in a civil action, . . . the movant must confer with the opposing party in a good faith effort to resolve the motion." Plaintiff did not notify Defendants' counsel of his intention to file a motion to compel a Rule 26(f) conference nor did he attempt to confer with counsel regarding the motion. Instead, Plaintiff filed this motion *less than an hour* after he sent an email to Defendants' counsel requesting a Rule 26(f) conference and counsel's availability for the week. (*See* ECF No. 64-2 (reflecting Plaintiff's email sent to counsel on Monday, Dec. 16, 2024, at 2:51 PM); Rock Decl., Ex. B, Dec. 16, 2024 Email from E. Mishiyev (confirming Plaintiff's filing of this motion less than an hour later at 3:48 PM)). Plaintiff's motion does not and cannot include the required certification of compliance

3

with Local Rule 3.01(g) and this "blatant failure warrants the motion's denial."[1] *See Creative Choice Homes XXXI, LLC v. MG Affordable Master, LLC*, Case No. 8:19-cv-1910-T-30AAS, 2020 WL 13665909 at *1 (M.D. Fla. Jan. 30, 2020) (dismissing motion to strike affirmative defenses because the plaintiff failed to confer with the defendants before filing the motion).

## B. A Rule 26(f) conference is not practicable at this stage of the case.

Under Fed. R. Civ. P. 26(f)(1), "[t]he meeting of counsel is to take place as soon as practicable and in any event at least 14 days before the date of the scheduling conference under Rule 16(b) or the date a scheduling order is due under Rule 16(b)."

Here, a Rule 26(f) conference is not practicable for the obvious reasons the complaint was just filed today and the Court has not yet even scheduled an initial conference. As such, Defendants have yet to file any motions directed to the new complaint, answer the complaint, assert affirmative defenses, or bring any counterclaims against Plaintiff. Since the required conference under Fed. R. Civ. P. 26(f)(2) requires the parties to discuss, among other things, "the nature and basis of their claims and defenses," any conference at this point

---

[1] Plaintiff contacted Defendants' counsel *after* the filing of this motion and offered to meet and confer and then "file a new motion." (*See*, Rock Decl., Ex. C, Dec. 20, 2024 Email correspondence with E. Mishiyev.) In response, Defendants requested that Plaintiff review the current opposition and confirm whether he agreed with Defendants' position on the proposed timing for a Rule 26(f) and, if so, to withdraw this current motion. (*See id.*)

4

would be premature and wholly unproductive at best and would not comport with the letter or spirit of Rule 26.

Nor are there any exigent circumstances that warrant departure from the standard timing for a Rule 26(f) conference. This case has been pending since August 28, 2023, and most of the allegations in Plaintiff's previous complaints involve actions taken by YouTube in 2018 and 2022. And while Plaintiff claims he is "accumulating debt and major losses" as a reason for the need for immediate relief, he filed for Chapter 7 bankruptcy on or about May 5, 2021, and had all his past debt discharged when his bankruptcy was finalized on or about June 8, 2023. *See In re Erik Mishiyev*, No. 8:21-BK-02324-CPM (Bankr. M.D. Fla.).

### C. Conclusion

For the foregoing reasons, the Defendants respectfully request that the Court deny Plaintiff's motion to compel a Rule 26(f) conference.

Respectfully submitted,

/s/ Loreal R. Rock
Loreal R. Rock (D.C. Bar No. 1656476)
*Pro Hac Vice*
Jenner & Block LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
(202) 639-6000 Phone
(202) 639-6066 Fax
LRock@jenner.com

                    Gianni P. Servodidio (Lead Counsel)
                    (N.Y. Bar No. 2619039)
                    *Pro Hac Vice Motion Forthcoming*
                    Jenner & Block LLP
                    1155 Avenue of the Americas
                    New York, New York 10036
                    (212) 891-1620 Phone
                    (212) 891-1699 Fax
                    GServodidio@jenner.com