United States District Court
Middle District of Florida
Tampa Division

ERIK MISHIYEV,

       Plaintiff,

v.                                                   No. 8:23-CV-1942-MSS-NHA

UMG RECORDINGS, INC;
SONY MUSIC ENTERTAINMENT;
THE ORCHARD MUSIC;
YT ROCKET; INGROVEES;
ODMEDIA NETWORK;
and VIOLENT MUSIC BV,

       Defendants.

---

**Defendants UMG Recordings, Inc.; Isolation Network, Inc.; Sony Music Entertainment; and Orchard Enterprises NY, Inc.'s Combined Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment**

Loreal R. Rock (D.C. Bar No. 1656476)
*Pro Hac Vice*
Kara V. Brandeisky (D.C. Bar No. 90020421)
*Pro Hac Vice*
Jenner & Block LLP
1099 New York Avenue, Suite 900
Washington, D.C. 20001
(202) 639-6000 Phone
(202) 639-6066 Fax
LRock@jenner.com
KBrandeisky@jenner.com

February 18, 2025

/s/ *Gianni P. Servodidio*
Gianni P. Servodidio (Lead Counsel)
(N.Y. Bar No. 2619039)
*Pro Hac Vice*
Jenner & Block LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1620 Phone
(212) 891-1699 Fax
GServodidio@jenner.com

*Attorneys for Defendants UMG Recordings, Inc.; Isolation Network, Inc.; Sony Music Entertainment; and Orchard Enterprises NY, Inc.*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................... 1

   I.    The Parties ................................................................................ 3

   II.   Procedural History .................................................................... 4

   III.  Factual Background .................................................................. 7

      A.   Copyright Management on YouTube ................................. 7

      B.   Dispute Processes for Copyright Claims on YouTube ................... 8

      C.   The Videos at Issue .......................................................... 9

LEGAL STANDARD ............................................................................. 12

ARGUMENT ......................................................................................... 12

   I.    Plaintiff's Motion for Summary Judgment Must Be Denied as Legally Deficient Under Rule 56 ..................................................... 12

   II.   Defendants Are Entitled to Summary Judgment on Statute of Limitations Grounds ........................................................................ 14

   III.  Plaintiff Has No Standing to Sue Over Pre-2020 Takedown Requests. ................................................................................ 16

   IV.  Defendant SME is Entitled to Summary Judgment for the One Takedown Request that Is Not Time-Barred. ................................. 18

CONCLUSION ...................................................................................... 22

# TABLE OF AUTHORITIES

## Cases

*Alper Auto., Inc. v. Day to Day Imports, Inc.*, No. 18-81753-CIV, 2021 WL 5893161 (S.D. Fla. Nov. 3, 2021) ............................................................ 19, 20

*Calderon v. U.S. Bank Nat'l Ass'n ex rel. SG Mortg. Sec. Tr. 2006-fre2 Asset Backed Certificates Series 2006-fre2*, 860 F. App'x 686 (11th Cir. 2021) ... 16, 17

*Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34 (S.D.N.Y. 2017) ............................ 21

*In re Echeverria*, No. 6:18-BK-07478-KSJ, 2020 WL 2844520 (Bankr. M.D. Fla. May 29, 2020) ...................................................................................... 17

*In re Erik Mishiyev*, No. 8:21-BK-02324-CPM (Bankr. M.D. Fla.), ECF No. 1 3

*In re Erik Mishiyev*, No. 8:21-BK-02324-CPM (Bankr. M.D. Fla.), ECF No. 150 .......................................................................................................... 3

*Johnson v. New Destiny Christian Ctr. Church, Inc.*, 826 Fed. App'x 766 (11th Cir. 2020) ................................................................................ 6, 18, 19, 20

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197 (C.D. Cal. 2007) ...................................................................................... 21

*Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235 (11th Cir. 2008) ....................................................................................................... 12

*Middlebrooks v. Sacor Fin., Inc.*, 775 F. App'x 594 (11th Cir. 2019) ........ 12, 21

*Mishiyev v. Alphabet, Inc.*, 444 F. Supp. 3d 1154 (N.D. Cal. 2020) .................. 1

*Mishiyev v. Davis, et al.*, No. 8-23-cv-01940-KKM-TGW, ECF No. 37 (M.D. Fla. Jan. 25, 2024) ................................................................................... 1

*Mishiyev v. Davis*, et. al., No. 20-CA-008301, Doc. Index No. 46 (Fla. 13th Jud. Cir. Sept. 2, 2022) .......................................................................... 13

*Mishiyev v. Khaled*, No. 23-CA-017047, Doc. Index No. 125 (Fla. 13th Jud. Cir. Oct. 24, 2024) ............................................................................... 14

*Mishiyev v. Youtube, LLC et al.*, No. 24-cv-08661-CRB, ECF No. 36 (N.D. Cal. Dec. 20, 2024) ................................................................................. 1

*Mishiyev v. YouTube, LLC, et al.,* No. 21-CA-007563, Doc Index No. 11 (Fla. 13th Jud. Cir. May 20, 2022) ............................................................... 1

*Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325 (11th Cir. 2023).... 14, 15

*Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004)......................... 17

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) ........................ 15

*Porter v. Ray*, 461 F.3d 1315 (11th Cir. 2006)................................................ 12

*Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841 (11th Cir. 1989).......... 21

*Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000 (9th Cir. 2004)  20, 21

*Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024) ........................... 14

*Webster v. Dean Guitars*, 955 F.3d 1270 (11th Cir. 2020) .............................. 15

**Statutes**

11 U.S.C. § 541(a) ......................................................................................... 16

17 U.S.C. § 507(b) .......................................................................................... 14

17 U.S.C. § 512(c)......................................................................................... 9, 19

17 U.S.C. § 512(f) ...................................................................................... 4, 13, 19

17 U.S.C. § 512(g) ....................................................................................... 9, 16

**Rules**

Fed. R. Civ. P. 56 .................................................................................... 12, 13, 21

Defendants UMG Recordings, Inc. ("UMG"), Isolation Network, Inc. (erroneously sued as "Ingrovees") ("INI"), Sony Music Entertainment ("SME"), and Orchard Enterprises NY, Inc. (erroneously sued as "The Orchard Music") ("Orchard") (collectively, the "Moving Defendants") respectfully submit this opposition to Plaintiff Erik Mishiyev ("Plaintiff")'s motion for summary judgment and cross motion for summary judgment against Plaintiff.

## INTRODUCTION

This lawsuit is but one of many vexatious lawsuits Plaintiff has filed in courts around the country that assert a variety of patently frivolous claims arising out of his alleged inability to succeed as a DJ in Tampa, Florida.[1]  In this case, Plaintiff has sued the Moving Defendants and other entities for allegedly making false representations in taking down certain music videos Plaintiff posted to YouTube that infringed their copyrighted sound recordings. But after four operative complaints and a barrage of bizarre filings with the

---

[1] *See e.g.*, *Mishiyev v. Alphabet, Inc.*, 444 F. Supp. 3d 1154, 1156 (N.D. Cal. 2020) (a suit against YouTube for termination of his account; dismissed), *aff'd*, 857 Fed. Appx. 907 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 873 (2022); *Mishiyev v. YouTube, LLC, et al.*, No. 21-CA-007563, Doc Index No. 11 (Fla. 13th Jud. Cir. May 20, 2022) (another suit against YouTube for termination of his account; dismissed); *Mishiyev v. Youtube, LLC et al.*, No. 24-cv-08661-CRB, ECF No. 36 (N.D. Cal. Dec. 20, 2024) (another suit against YouTube for termination of his account; currently stayed); *Mishiyev v. Davis, et al.*, No. 8-23-cv-01940-KKM-TGW, ECF No. 37 (M.D. Fla. Jan. 25, 2024) (a federal case against Orlando Davis and Beasley Media Group, LLC; stayed with a finding that Mishiyev's behavior was "vexatious, designed to harass Defendants, to waste the judicial resources of multiple courts, and to avoid the consequences of an unfavorable decision").

Court,[2] it is now abundantly clear that Plaintiff's sole remaining claim should be dismissed as a matter of law for the reasons set forth below:

First, with the exception of a single video discussed below, Plaintiff's claim is barred by the applicable statute of limitations as it relates to takedown requests issued by the Moving Defendants in 2019. As such, Plaintiff's latest complaint expressly violates the Court's unequivocal warning to Plaintiff that the assertion of time-barred claims would subject him to Rule 11 sanctions. *See* ECF No. 38 at 4.

Second, with the same exception noted above, Plaintiff's claim is barred for the independent reason that it accrued prior to May 5, 2021—the date Plaintiff filed for Chapter 7 bankruptcy. Thus, as a matter of hornbook bankruptcy law, Plaintiff lacks standing to assert his claim as it has been assigned to the bankruptcy estate.

Finally, with respect to the single takedown request that is not so barred, Moving Defendant SME has provided a declaration confirming that Plaintiff's video was flagged by YouTube as including SME's copyright-protected content and that it was taken down at SME's direction based on a subjective good faith belief that Plaintiff's use was unauthorized and was not a fair use.

---

[2] *See, e.g.*, ECF No. 84 (a copy of Exec. Order No. 14,149, Restoring Freedom of Speech and Ending Federal Censorship); ECF No. 92 (a document titled "CONSPIRACY CHART / INTENT AND MOTIVE WAS TO TAKE OVER #12 TAMPA DMA MARKET").

In short, this lawsuit—like Plaintiff's litany of other specious lawsuits—is an utter waste of the judicial system's time and resources and rests on manifestly barred claims or false allegations of subjective bad faith conjured out of thin air. Moving Defendants' cross motion for summary judgment should be granted, Plaintiff's frivolous "Motion for Summary Judgment" denied, and this case dismissed with prejudice as a matter of law.

## BACKGROUND

### I.    The Parties

Plaintiff is a music DJ known as "DJ Short-E." *See, e.g.*, ECF No. 89 ¶ 22. Plaintiff claims to have "operated multiple YouTube channels from 2008-2021 that had a combined total of over 250,00+ [sic] Subscribers." *Id.* YouTube has since purportedly terminated his channels. *See id.* at ¶¶ 23–24. Plaintiff filed for Chapter 7 bankruptcy on May 5, 2021. *See In re Erik Mishiyev*, No. 8:21-BK-02324-CPM (Bankr. M.D. Fla.), ECF No. 1. His bankruptcy proceeding closed on June 8, 2023. *See id.*, ECF No. 150. Plaintiff filed his original complaint in this action on August 28, 2023. ECF No. 1.

Moving Defendants are all music companies that own or control exclusive rights to the copyrights of many of the world's most popular sound recordings. *See* Declaration of Spencer Meade ("Meade Decl.") ¶ 2; Declaration of Brian Amen ("Amen Decl.") ¶ 2; Declaration of Chris Rea ("Rea Decl.") ¶ 2; Declaration of Nicole Sabino ("Sabino Decl.") ¶ 2. Moving Defendants

3

distribute their recordings across the digital music ecosystem pursuant to agreements with online service providers like YouTube.  *See* Meade Decl. ¶ 3; Amen Decl. ¶ 3; Rea Decl. ¶ 3; Sabino Decl. ¶ 4.

## II.  Procedural History

Plaintiff filed this *pro se* action on August 28, 2023, asserting various claims against Moving Defendants, among other entities,[3] arising out of YouTube's termination of his channels.  ECF No. 1.  Among other things, Plaintiff alleged that all Defendants had, "[c]ollectively," sent YouTube "false" takedown requests about Plaintiff's videos, in violation of Section 512(f) of the Copyright Act, 17 U.S.C. § 512(f).  *Id.* at ¶ 37.  On September 25, 2023, Magistrate Judge Sansone found that Plaintiff's Complaint was "an impermissible shotgun pleading" that failed to "clearly identify which facts [Plaintiff] believes each defendant is responsible for," and ordered Plaintiff to amend his complaint. ECF No. 5 at 3, 4–5.  On October 26, 2023, Plaintiff filed an Amended Complaint.  ECF No. 7.  On January 12, 2024, Moving Defendants filed a motion to dismiss.  ECF No. 27.

---

[3] Plaintiff also sued Defendants YT Rocket, Odmedia Network, and Violent Music BV—entities unaffiliated with Moving Defendants—but the Court previously found it did not have jurisdiction over the Copyright Act claims against those entities, since they are "companies with their principal place of business in a foreign country."  ECF No. 5 at 2–3.  Defendants YT Rocket, Odmedia Network, and Violent Music BV never appeared in this action, and Plaintiff has filed no proof of service.

On February 16, 2024, this Court granted Moving Defendants' motion to dismiss, holding that Plaintiff's claim for misrepresentation under Section 512(f) of the Copyright Act was time-barred and other tort claims were preempted. ECF No. 38 at 2–3. This Court granted Plaintiff leave to amend his Section 512(f) claim, but expressly advised Plaintiff he could "only allege claims of injury or damage" that were "not barred by the three-year statute of limitations" and "warned that if he attempts to file a second amended complaint without a fair basis in fact or law, he may be subjected to sanctions pursuant to Fed. R. Civ. P. 11." *Id.* at 3, 4.

On March 9, 2024, Plaintiff filed a Second Amended Complaint, his *third* complaint in this action. ECF No. 39. Plaintiff's Second Amended Complaint contained only boilerplate allegations that unknown and unspecified "Defendants" had "continued to harm and harass Plaintiff in emails from 2022, 2023 and into 2024 by targeting Plaintiff and sending false claims and [Section 512] takedown notices." *Id.* at ¶ 61. On March 25, 2024, Moving Defendants filed another motion to dismiss. ECF No. 42.

The Court granted in part and denied in part Moving Defendants' second motion to dismiss. ECF No. 61. The Court dismissed with prejudice Plaintiff's claim for intentional infliction of emotional distress. *See id.* at 14–15. However, the Court found that Plaintiff's Section 512(f) misrepresentation claim could survive past the pleading stage because he had alleged takedowns

5

from all Defendants within the statute of limitations.  *Id.* at 9 (quoting ECF No. 39 ¶ 61).  The Court also declined to dismiss the Section 512(f) claim at the pleading stage as the Moving Defendants "ha[d] not raised an affirmative defense to Plaintiff's misrepresentation claim, they ha[d] not filed a motion for judgment as a matter of law, and, of course, there [was] no evidence developed as to what formed the basis of [Moving] Defendants' subjective good-faith belief that the use in question 'was unauthorized and was not "fair use."'"  *Id.* at 13 (quoting *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 826 Fed. App'x 766, 772 (11th Cir. 2020)).

On December 20, 2024, Plaintiff filed his Third Amended Complaint, his *fourth* complaint and the operative complaint in this action.  ECF No. 65.  In his Third Amended Complaint, Plaintiff identified 28 videos that he summarily alleged were taken down "WITHIN [THE] STATUTE OF LIMITATIONS" due to Defendants' allegedly false takedown notices (hereinafter the "Videos at Issue").  *Id.* at ¶ 70, Exs. A, B.[4]

On January 24, 2025, Moving Defendants answered and asserted affirmative defenses, including that "with respect to any takedown notices sent by the Answering Defendants which are the subject of this lawsuit, the Answering Defendants had a subjective good faith belief that Plaintiff's use

---

[4] Some of the URLs in paragraph 70 of the Third Amended Complaint are duplicates, but additional videos are enumerated in Exhibits A and B, for a total of 28 Videos at Issue overall.

was unauthorized and was not a fair use" and that "Plaintiff lacks standing." ECF No. 86 at 36. Four days later, Plaintiff moved for summary judgment. ECF No. 89.

## III.    Factual Background

### A.    Copyright Management on YouTube

"Content ID" is YouTube's proprietary system for identifying and managing copyrighted content. *See* Meade Decl. ¶ 4. In connection with this system, copyright owners provide YouTube with a digital feed of their works. *See id.* YouTube then creates individual digital "fingerprints" of each such work and stores them in its database. *See id.* Content ID uses state-of-the-art "fingerprinting" technology to scan videos uploaded by users and automatically identify matches with any copyrighted works in its database. *See id.*

YouTube alerts a copyright owner (or the owner's authorized agent) when Content ID has identified a fingerprint match between a user-uploaded video and one of its copyrighted works. *See id.* In such cases, copyright owners can take one of three actions with respect to Content ID claims: (a) block the video from being viewed in some or all jurisdictions, (b) "monetize" the video by claiming a portion of any advertising revenue generated from the video, or (c) track the video's viewership statistics. *See id.*[5]

_____

[5] As a user of YouTube, Plaintiff has assented to participation in the Content ID system. *See* Meade Decl. ¶ 5. Specifically, YouTube's Terms of Service provide that "the Content you submit must not include third-party intellectual property (such as copyrighted material)

## B.    Dispute Processes for Copyright Claims on YouTube

Users can challenge Content ID claims through YouTube's internal dispute and appeal process. *See* Meade Decl. ¶ 6.   If the copyright owner chooses to monetize the video, the video remains visible on YouTube, but the uploader may file a dispute. *See id.* If the copyright owner reinstates a disputed monetization claim, the uploader may appeal. *Id.* If the copyright owner chooses to block the video from being viewed, the uploader may immediately escalate from the dispute to the appeal stage. *See id.* At the appeal stage, the copyright owner must either release the claim or request a takedown. *See id.*[6]

YouTube provides a separate process for disputing Section 512 takedown requests.[7] *See* Meade Decl. ¶ 7.  Upon receiving a takedown request, YouTube evaluates the request to determine whether it is valid and whether to remove

---

unless you have permission from that party or are otherwise legally entitled to do so," and that YouTube "*may use automated systems that analyze your Content to help detect infringement* and abuse." *Id.* (emphasis added).  YouTube's Terms of Service additionally provide that YouTube "reserve[s] the right to remove or take down some or all" of any content in breach of the Terms of Service "in [YouTube's] discretion." *Id.*

[6] While not material to this motion, it should be noted that at least one of the Moving Defendants initially chose to monetize most of the Content ID claims at issue, leaving Plaintiff's videos up but simply collecting a portion of the advertising revenue generated from Plaintiff's infringement.  Meade Decl. ¶ 11 n.7; Rea Decl. ¶ 7 n.2.  Had Plaintiff not disputed and appealed Moving Defendants' right to generate revenue from his unauthorized use of their works, he would not have forced Moving Defendants to decide whether to issue a takedown and could have continued attracting attention to his channels. *See, e.g.*, Meade Decl. ¶ 6 (explaining that, after an uploader disputes and appeals a copyright owner's decision to reinstate its Content ID claim, "the copyright owner has one final choice to either release the claim or request a takedown").

[7] For purposes of this motion, Moving Defendants assume that if Section 512 applies to any conduct at issue, it applies only to takedown requests sent as part of the Content ID process.

the video or allow the video to remain on YouTube. *See id.*; *see also* 17 U.S.C. § 512(c). If YouTube decides to remove the video, YouTube notifies the uploader, and the uploader has the right to submit a statutory counter notification *to YouTube*, claiming the removal was a mistake. *See* Meade Decl. ¶ 7; *see also* 17 U.S.C. § 512(g). If YouTube determines that the counter notification is "effective" because it meets the statutory requirements under Section 512, *see* 17 U.S.C. § 512(g)(3), YouTube will forward the counter notification to the copyright owner. *See* Meade Decl. ¶ 7; *see also* 17 U.S.C. § 512(g)(2)(B). YouTube will reinstate the video if the copyright owner does not provide evidence of legal action within ten days after receiving an effective counter notification. *See* Meade Decl. ¶ 7; *see also* 17 U.S.C. § 512(g)(2)(C).[8]

## C. The Videos at Issue

YouTube provides certain copyright owners—including Moving Defendants—access to a Content Management System ("CMS") account that allows them to manage the process described above. *See* Meade Decl. ¶ 8;

---

[8] While not relevant to his sole remaining claim, Plaintiff's allegation that Moving Defendants have "ignor[ed]" his counter notifications, *see* ECF No. 65 ¶¶ 17, 61, evinces a misunderstanding of the Section 512 process and Moving Defendants' obligations thereunder. It is *YouTube* that decides whether a counter notification is valid and should be forwarded to the copyright owner. *See* Meade Decl. ¶ 7; *see also* 17 U.S.C. §§ 512(g)(2)(B), 512(g)(3). If YouTube determines that a counter notification does not satisfy the requirements of Section 512, YouTube will reject the counter notification *without notifying the copyright owner*. *See* Meade Decl. ¶ 7; *see also* 17 U.S.C. §§ 512(g)(2)(B), 512(g)(3). Moving Defendants did not necessarily receive every counter notification Plaintiff may have sent to YouTube and, significantly, Moving Defendants had no duty or obligation to act on any purported "counter notifications," whether sent to YouTube or emailed directly to them.

Amen Decl. ¶ 5; Rea Decl. ¶ 4; Sabino Decl. ¶ 5.  CMS allows copyright owners to view and listen to the content flagged by Content ID side-by-side with their matching copyright-protected works.  *See id.*  Each Moving Defendant has a policy of conducting a review of whether or not the content is infringing or a fair use before taking any action to reinstate a disputed Content ID claim or request a takedown of content on YouTube.  *See id.*

As set forth in the attached declarations, each Moving Defendant searched its CMS for information concerning any copyright claims they may have made pertaining to the Videos at Issue.  *See* Meade Decl. ¶ 11; Amen Decl. ¶ 9; Rea Decl. ¶ 7; Sabino Decl. ¶ 9.   Based upon the information available in CMS for each Moving Defendant that pertains to their Content ID claims and takedown requests, the Moving Defendants found the following with respect to the 28 Videos at Issue:

- Moving Defendants did not send any takedown request at all with respect to ten of the Videos at Issue.[9]

---

[9] There are various reasons why a copyright owner may not issue a takedown request. For example, if a copyright owner does not respond to a Content ID dispute or appeal in a timely manner, YouTube may release the Content ID claim as inactive.  Alternatively, YouTube may remove the video based on a third party's takedown request before a copyright owner issues its own takedown (e.g., if a takedown request was submitted by the publisher of the underlying composition or by a copyright owner of another recording contained in the video). Alternatively, the uploader may choose to remove the copyright content, or the video entirely, rather than allow it to be blocked or monetized. *See Remove claimed content from videos*, YouTube Help,  https://support.google.com/youtube/answer/2902117 (last visited Feb. 18, 2025).

- Moving Defendants sent takedown requests for 17 of the Videos at Issue in the year 2019, more than three years before the filing of this lawsuit on August 28, 2023. *See* Meade Decl. Tab. 1 & Exs. A, B, C, D, E, F, G, H, I, J, K, L; Amen Decl. Tab. 1 & Exs. A, B; Rea Decl. Tab. 1 & Exs. A, B; Sabino Decl. Tab. 1 & Ex. A.

- SME sent *one* takedown request about *one* Video at Issue in 2024. *See* Amen Decl. Tab. 1.

Therefore, for the 28 Videos at Issue, only one takedown request was issued by any Moving Defendant within the applicable statute of limitations period (i.e., a single request by Moving Defendant SME on February 28, 2024).

As set forth in the declaration of Brian Amen on behalf of SME, this video was originally flagged by Content ID as a match to SME's copyrighted sound recording "Romantic Call" by the reggae artist Patra. *See* Amen Decl. Tab. 1. Upon receiving Plaintiff's Content ID appeal, Plaintiff's video was viewed in CMS side-by-side with "Romantic Call" by Patra and a review was conducted of whether or not Plaintiff's video was infringing or a fair use. *See id.* ¶ 11. Because there was a subjective, good faith belief that Plaintiff's video infringed SME's exclusive rights and was not a fair use, a takedown request to YouTube was issued. *See id.*

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "affect[s] the outcome of the suit under the governing law," and is genuine "if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). To defeat a motion for summary judgment, the nonmoving party must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). "[U]nsupported 'conclusory allegations' do not suffice." *Middlebrooks v. Sacor Fin., Inc.*, 775 F. App'x 594, 596 (11th Cir. 2019).

## ARGUMENT

### I.    Plaintiff's Motion for Summary Judgment Must Be Denied as Legally Deficient Under Rule 56.

Plaintiff utterly fails to comply with the standard for seeking summary judgment under Federal Rule of Civil Procedure 56, simply relabeling his Third Amended Complaint as a "Motion for Summary Judgment."

When a party moves for summary judgment under Rule 56, they *must show* "that there is no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party

12

asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

Here, Plaintiff fails to identify *any* undisputed facts, nor does he cite to *any* admissible evidence to support his assertion of fact or that he is entitled to judgment as a matter of law on his Section 512(f) claim.  *See generally* ECF No. 89.  Plaintiff has substantially copied and pasted the immaterial and conclusory allegations in his Third Amended Complaint and attached the same exhibits.  *Compare id. with* ECF No. 65.  Plaintiff does not (because he cannot) present *any* evidence to support his assertion that his use of copyrighted works owned or controlled by the Moving Defendants was a fair use, nor does he present *any* admissible evidence that Moving Defendants knowingly and materially misrepresented to YouTube that Plaintiff's use of their content was infringing, which is the crux of the inquiry under Section 512(f).  17 U.S.C. § 512(f).

Instead, Plaintiff attaches screenshots and an affidavit that were filed in completely different cases in Florida state court alleging completely different claims against completely different defendants.  *Compare* ECF No. 89 at 30– 41, *with* ECF No. at 28–30, 47, *Mishiyev v. Davis*, et. al., No. 20-CA-008301,

Doc. Index No. 46 (Fla. 13th Jud. Cir. Sept. 2, 2022) *and* ECF No. 39 at 27, 29, 32, 37–41, 50, *Mishiyev v. Khaled*, No. 23-CA-017047, Doc. Index No. 125 (Fla. 13th Jud. Cir. Oct. 24, 2024).   This purported "evidence" is *completely irrelevant* to Plaintiff's claim against Moving Defendants in this case.

Accordingly, Plaintiff's "Motion for Summary Judgment" should be denied for failure to comply with the standard set forth in Rule 56.   For the reasons set forth below, it is Moving Defendants that are entitled to judgment as a matter of law.   Plaintiff's claim is barred as it relates to conduct that occurred in 2019 and because all takedown requests were sent by Moving Defendants in good faith (including the one that was sent by SME in 2024), and Plaintiff lacks standing to bring any claims that arose against Moving Defendants prior to the filing of his Chapter 7 bankruptcy petition.

## II.    Defendants Are Entitled to Summary Judgment on Statute of Limitations Grounds.

As this Court stated in its previous dismissal of Plaintiff's Section 512(f) claim, the "Copyright Act's statute of limitations provides that 'no civil action shall be maintained . . . unless it is commenced within three years after the claim accrued."   ECF No. 38 at 1–2 (citing 17 U.S.C. § 507(b); *Nealy v. Warner Chappell Music, Inc.*, 60 F.4th 1325, 1330 (11th Cir. 2023), *aff'd sub nom.*, *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366 (2024)).

Circumventing this Court's express instruction about his obligations under Rule 11, Plaintiff filed a Third Amended Complaint in which he knowingly misrepresented that the Moving Defendants issued takedown notices for all the Videos at Issue in 2021 or later. *These allegations are false.* Each Moving Defendant searched its records for each of the Videos at Issue and confirmed that every takedown request sent by Moving Defendants with respect to the Videos at Issue, with the exception of one, was sent in 2019. *See* Meade Decl. Tab. 1; Amen Decl. Tab. 1; Rea Decl. Tab. 1; Sabino Decl. Tab. 1.

Based on the foregoing record, there is no question that Plaintiff's claims with respect to all but one of the Videos at Issue are barred by the Copyright Act's three-year statute of limitations. The Eleventh Circuit has applied two rules for determining the date of accrual in copyright infringement cases: "the discovery rule and the injury rule." *Nealy*, 60 F.4th at 1330. "Under the discovery rule, a claim 'accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his' rights." *Id.* (quoting *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020)). "Conversely, under the injury rule, a copyright plaintiff's claim accrues when the harm . . . occurs, no matter when the plaintiff learns of it." *Id.* (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014)). Under either rule, Plaintiff's claims accrued at the time each of his videos was taken down by YouTube in 2019. Plaintiff received notice of each takedown from YouTube

15

and had the option to send a counter notification opposing the takedown (which Plaintiff did in many instances).  *See* Meade Decl. ¶ 7; *see also* 17 U.S.C. § 512(g).  Nevertheless, Plaintiff did not file this lawsuit until August 28, 2023, well after the three-year statute of limitations period expired.

As such, summary judgment must be granted to Moving Defendants with respect to all takedown requests sent prior to August 28, 2020, on statute of limitations grounds.

## III.   Plaintiff Has No Standing to Sue Over Pre-2020 Takedown Requests.

Summary judgment should also be granted to Moving Defendants for the independent reason that Plaintiff lacks standing to bring any claims that arose against Moving Defendants prior to the filing of his Chapter 7 bankruptcy petition on May 5, 2021.  *See* Declaration of Loreal Rock ("Rock Decl."), Exh. A.

Upon the commencement of a Chapter 7 bankruptcy petition, "virtually all of a debtor's assets and legal and equitable interests in property . . . vest in the bankruptcy estate."  *Calderon v. U.S. Bank Nat'l Ass'n ex rel. SG Mortg. Sec. Tr. 2006-fre2 Asset Backed Certificates Series 2006-fre2*, 860 F. App'x 686, 687 (11th Cir. 2021) (citing 11 U.S.C. § 541(a)(1)).  Although a debtor seeking shelter under the bankruptcy laws has a duty to disclose all claims or potential claims to the bankruptcy court, "[e]ven if not disclosed by the debtor during the bankruptcy proceeding, the property of the bankruptcy estate includes causes

16

of action and potential causes of action belonging to the debtor at the commencement of the bankruptcy case." *Id.* The bankruptcy trustee is then "the only party with standing to prosecute causes of action belonging to the estate[,] . . . [e]ven after the close of a bankruptcy case[.]" *Id.* at 687–88 (citing *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (quotations omitted)).

*In re Echeverria* is instructive. In that case, the United States Bankruptcy Court for the Middle District of Florida dismissed the plaintiffs' case for lack of standing where the plaintiffs' "claims against Defendants arose between 2014 and 2018, before th[e] bankruptcy was filed in December 2018." *In re Echeverria*, No. 6:18-BK-07478-KSJ, 2020 WL 2844520 at *3 (Bankr. M.D. Fla. May 29, 2020). The court explained that because the plaintiffs "did not disclose their claims against Defendants in their schedules[,]" their claims "remain[ed] unabandoned and part of the property of the estate[,]" which "[o]nly the Chapter 7 Trustee has standing to assert." *Id.* "Debtors cannot get the benefit of a bankruptcy discharge and cherry pick assets . . . they would like to retain." *Id.* "Part of the 'bargain' in filing bankruptcy is relinquishing [the] right to pursue pre-petition claims like those asserted [here]." *Id.*

Plaintiff is no exception to the rule. Here, he asserts a claim against Moving Defendants that arose in 2019 for all but one of the Videos at Issue— *two years before* Plaintiff filed his bankruptcy petition in 2021. *See* Meade

17

Decl. Tab. 1; Amen Decl. Tab. 1; Rea Decl. Tab. 1; Sabino Decl. Tab. 1.  Plaintiff did not disclose his claims against the Moving Defendants (or any Defendants) in his bankruptcy schedules, *see* Rock Decl., Ex. A at 15, Ex. B at 8, and his claims thus remain unabandoned and property of the estate.  As a result, Plaintiff lacks standing to bring his claim against Moving Defendants that is based on 2019 takedown requests.

## IV.   Defendant SME is Entitled to Summary Judgment for the One Takedown Request that Is Not Time-Barred.

Plaintiff's sole remaining claim is that SME sent YouTube a "fraudulent" takedown request on February 28, 2024, in violation of Section 512(f) of the Copyright Act.  *See* Amen Decl. ¶ 10.  However, this claim fails because of SME's "subjective good faith belief that the use in question was unauthorized and was not fair use."  ECF No. 61 at 11–12 (quoting *Johnson*, 826 Fed. App'x at 772).[10]

The purpose of Section 512 of the Copyright Act is to protect both the interests of copyright owners and online platforms by creating a notice-and-takedown system.  To make a valid Section 512 takedown request, a copyright

---

[10] Plaintiff's claims against Defendants UMG, INI, and Orchard must all be dismissed on statute of limitations and standing grounds, as discussed *supra*.  But out of an abundance of caution, even if Plaintiff could state a claim against Defendants UMG, INI, or Orchard that was not barred on statute of limitations or standing grounds, each of the Moving Defendants has affirmed that the determination to send a takedown notice for each of the Videos at Issue was made based on a good faith belief that the video was infringing and was not a fair use, based on a side-by-side comparison of Plaintiff's video and the copyright-protected content owned or controlled by them.  *See* Meade Decl. ¶ 12; Amen Decl. ¶ 11; Rea Decl. ¶ 9; Sabino Decl. ¶ 11.

owner or its authorized agent must, among other things, make a statement under penalty of perjury that it "has a *good faith belief* that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." 17 U.S.C. § 512(c)(3)(A)(v), (vi) (emphasis added).

Section 512(f) of the Copyright Act provides a narrow cause of action against a copyright owner who "knowingly materially misrepresents" in a takedown request "that material or activity is infringing." 17 U.S.C. § 512(f). To prevail on such a claim, Plaintiff "must prove by a preponderance of the evidence that (1) the defendant *knowingly and materially misrepresented* that copyright infringement occurred; (2) a service provider relied on that misrepresentation to remove or disable access to the material claimed to be infringing; and (3) the plaintiff was injured as a result." *Alper Auto., Inc. v. Day to Day Imports, Inc.*, No. 18-81753-CIV, 2021 WL 5893161, at *14 (S.D. Fla. Nov. 3, 2021), *aff'd*, No. 21-14236, 2022 WL 3418643 (11th Cir. Aug. 17, 2022) (emphasis added).

As this Court has previously recognized, as a matter of black letter law, "***a copyright holder's subjective good faith belief that the use in question was unauthorized and was not fair use is a complete defense*** to a § 512(f) misrepresentation claim." ECF No. 61 at 11–12 (quoting *Johnson*, 826 Fed. App'x at 772) (emphasis added). "No misrepresentation occurs under Section 512(f) if the party submitting the DMCA Takedown Notice had a

reasonable good faith subjective belief that infringement was occurring." *Alper Auto.*, 2021 WL 5893161, at *14. "Good faith belief" is "a subjective standard." *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004). "Courts 'are in no position to dispute the copyright holder's belief even if [they] would have reached the opposite conclusion.'" *Alper Auto.*, 2021 WL 5893161, at *14 (quoting *Johnson*, 826 Fed. App'x. at 72). Even if Plaintiff's use were fair—which it was not—"[a] copyright owner cannot be liable simply because an unknowing mistake is made, even if the copyright owner acted unreasonably in making the mistake." *Rossi*, 391 F.3d at 1005.

Here, no material issue of fact exists regarding SME's subjective good faith in taking down the one non-barred Video at Issue. As set forth in a sworn affidavit, this video was flagged by YouTube's state-of-the-art Content ID technology as containing an audio match to SME's copyrighted recording. *See* Amen Decl. Tab. 1; *see also* Meade Decl. ¶ 4. After Plaintiff disputed the Content ID claim, Plaintiff's video was viewed in CMS side-by-side with SME's copyrighted recording, "Romantic Call." *See* Amen Decl. ¶ 11. Based on that side-by-side comparison, SME had a subjective, good faith belief that Plaintiff's video infringed SME's exclusive rights and was not a fair use. *See id.* Only then was a takedown request sent to YouTube through Content ID. *See id.*

Respectfully, that is the end of the inquiry. "[U]ndisputed evidence" that "defendants understand the concept of fair use" and considered fair use before

sending a takedown notice "clearly establishes the subjective 'good faith belief' required under 17 U.S.C. § 512(g)(3)(C)." *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 47 (S.D.N.Y. 2017).   Given SME's showing of good faith, it is Plaintiff's burden to cite to *evidence* to create a genuine dispute of fact.  Fed. R. Civ. P. 56(c)(1).  Plaintiff has no such evidence, and "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989) (citation omitted) (affirming grant of summary judgment prior to discovery); *see also* Fed. R. Civ. P. 56(d).  It is not enough to point to unsupported conclusory allegations of bad faith or bad motive by SME for allegedly deciding to take down Plaintiff's video rather than other infringing videos posted by other third parties.  *See Middlebrooks*, 775 F. App'x at 596; *see also Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1225 (C.D. Cal. 2007) ("The Court knows of no rule in copyright . . . that a copyright holder is bound to pursue either all infringers or none at all.").  Nor is it enough to argue the video itself was non-infringing or could be fair use (it is not).  *See Rossi*, 391 F.3d at 1005.  This frivolous claim must be rejected.

**CONCLUSION**

Based on the foregoing, Plaintiff's motion for summary judgment should be denied, and Moving Defendants' motion for summary judgment should be granted.