United States District Court
Middle District of Florida
Tampa Division

ERIK MISHIYEV,

    Plaintiff,

v.                                    No. 8:23-CV-1942-MSS-NHA

UMG RECORDINGS, INC;
SONY MUSIC ENTERTAINMENT;
THE ORCHARD MUSIC;
YT ROCKET; INGROVEES;
ODMEDIA NETWORK;
and VIOLENT MUSIC BV,

    Defendants.

---

## Defendants UMG Recordings, Inc.; Isolation Network, Inc.; Sony Music Entertainment; and Orchard Enterprises NY, Inc.'s Reply in Support of Cross Motion for Summary Judgment

In their opening brief,[1] Moving Defendants presented an "open-and-shut" case for summary judgment based on undisputed facts showing that: (i) the applicable statute of limitations bars Plaintiff's Section 512(f) claim regarding takedown requests sent to prior to 2020; (ii) Plaintiff lacks standing to pursue any claim arising prior to his bankruptcy in 2021; and (iii) Defendant SME has a complete defense as to the one takedown request sent in 2024.

---

[1] All capitalized terms and acronyms not defined herein have the same meaning as in Moving Defendants' opening brief, Dkt. 94 ("Defs.' Mot.").

Plaintiff's short "opposition"—comprised wholly of conclusory statements and no evidence that could establish any genuine dispute as to any material fact—effectively concedes that dismissal is warranted. He points to no actionable conduct within the statute of limitations and provides no evidence disputing that Defendant SME only sent the 2024 takedown request after considering fair use and arriving at a good faith belief that the video was infringing its exclusive rights. Drawing every reasonable inference in favor of the Plaintiff, there is simply no triable issue of disputed fact. The Court can and should rule for Moving Defendants as a matter of law and dismiss this case once and for all.[2]

## ARGUMENT

### I. Plaintiff's Claim About 2019 Takedown Requests Is Indisputably Barred by the Statute of Limitations.

Moving Defendants submitted sworn declarations attesting that all but one of the takedown requests at issue were sent in the year 2019. *See* Defs.' Mot. at 9–11. Moving Defendants' declarations were supported by

---

[2] If it is not already clear to the Court, Plaintiff is a vexatious litigant. In addition to Plaintiff's constant barrage of irrelevant and procedurally improper court filings in this case, *see, e.g.*, ECF Nos. 87, 90, 91, 92, 93, 100, 101, 103 (improper filings just since Moving Defendants answered on January 24, 2025), Plaintiff has also repeatedly badgered Moving Defendants' counsel with threats and outrageous settlement demands, *see* Declaration of Loreal Rock, Ex. A (email chain from Plaintiff, saying, among other things, "you'd be fools if you didn't think of the possibility of the FBI or CIA watching these cases that could possibly turn into criminal" and "THIS GLOBAL SETTLEMENT OF **$100,000,000 MILLION DOLLARS** IS GOOD UNTIL 3/21/2025 AFTER THAN I AM GOING TO BE ASKING FOR **$200 MILLION DOLLARS**" (emphasis in original)). To allow this frivolous litigation to drag out would be a tremendous and unnecessary waste of judicial resources.

accompanying records from YouTube's Content Management System indicating when Moving Defendants sent each of those takedown requests. *See id*.

As this Court has previously recognized, the statute of limitations for Plaintiff's claims is three years. *See* ECF No. 38 at 1–2 (citing 17 U.S.C. § 507(b)); *see also* Defs.' Mot. at 14–16. The undisputed admissible evidence demonstrates that all but one of the disputed takedown requests were sent more than three years before the filing of this lawsuit on August 28, 2023. ECF No. 1. While Plaintiff argues that "the court already denied Defendant's [sic] attempt to dismiss his complaint(s)" on statute of limitations grounds, ECF No. 102 ("Pl.'s Opp'n") ¶ 2, that was on a motion to dismiss. Obviously, for purposes of a motion to dismiss, the Court "must accept the facts pleaded as true." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983). But as demonstrated by the record evidence, the facts pleaded were *not* true, and Plaintiff's claims do *not* fall within the statute of limitations.[3]

Plaintiff's unexplained assertion that these sworn declarations are "hearsay" is misguided. Pl.'s Opp'n ¶ 1. Rule 56 specifically provides that on

---

[3] Plaintiff thus disobeyed this Court's explicit directive that he "only allege claims of injury or damage" that were "not barred by the three-year statute of limitations" and ignored the Court's warning "that if he attempts to file a second amended complaint without a fair basis in fact or law, he may be subjected to sanctions pursuant to Fed. R. Civ. P. 11." ECF No. 38 at 3, 4.

3

a motion for summary judgment, courts may consider sworn declarations that set forth admissible facts to which the declarant would be competent to testify at trial. *See* Fed. R. Civ. P. 56(c)(1)(A), (c)(4). Of course, any such declaration includes statements offered for their truth that "the declarant does not make while testifying at the current trial." Fed. R. Evid 801(c)(1). But it is black letter law that a district court may consider declarations in deciding summary judgment, so long as the declaration "can be reduced to admissible form at trial" by calling the declarant to testify. *Pritchard v. S. Co. Servs.*, 92 F.3d 1130, 1135 (11th Cir. 1996). All the declarations submitted by Moving Defendants reflect factual testimony that would be admissible at trial and contain no statements that could otherwise be construed as hearsay under the Federal Rules of Evidence.

As Plaintiff has offered no evidence controverting Moving Defendants' motion, Moving Defendants are indisputably entitled to summary judgment as to the 2019 takedown requests on statute of limitations grounds.

## II. Plaintiff Undisputedly Does Not Have Standing to Bring Any Claim About 2019 Takedown Requests.

Separately, Plaintiff does not dispute, and cannot dispute, that he filed for Chapter 7 bankruptcy on May 5, 2021. *See* ECF No. 98, Declaration of Loreal Rock, Ex. A. Under black letter bankruptcy law, "virtually all of a debtor's assets and legal and equitable interests in property . . . vest in the

4

bankruptcy estate . . . [which is] the only party with standing to prosecute causes of action belonging to the estate[,] . . . [e]ven after the close of a bankruptcy case." *Calderon v. U.S. Bank Nat'l Ass'n ex rel. SG Mortg. Sec. Tr. 2006-fre2 Asset Backed Certificates Series 2006-fre2*, 860 F. App'x 686, 687–88 (11th Cir. 2021) (citation omitted); *see also* Defs.' Mot. at 16–18.  Therefore, even if Plaintiff's claims regarding the takedown notices sent in 2019 weren't time-barred, Plaintiff still would not have standing to pursue them.  Plaintiff does not address, much less dispute, this argument.  Therefore, Moving Defendants are entitled to summary judgment as to the 2019 takedown requests on standing grounds.

### III. Defendant SME Undisputedly Has a Complete Defense for the One 2024 Takedown Request.

As for the one takedown request sent in 2024, Defendant SME provided a sworn declaration that SME sent the request based on a subjective, good faith belief that Plaintiff's video infringed SME's exclusive rights and was not a fair use. *See* ECF No. 95, Declaration of Brian Amen ¶ 11. As this Court previously recognized, "a copyright holder's subjective good faith belief that the use in question was unauthorized and was not fair use is ***a complete defense*** to a § 512(f) misrepresentation claim." ECF No. 61 at 13 (quoting *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 826 Fed. App'x 766, 772 (11th Cir. 2020)) (emphasis added); *see also* Def.' Mot. at 16–18.

Plaintiff fails to provide any evidence that would raise a genuine dispute as to SME's subjective good faith belief,[4] or any evidence that even bears any relation to Plaintiff's Section 512(f) claim against SME.[5] While Plaintiff faults Moving Defendants for filing declarations "that are not supplied or supported by YouTube or any of their employees," Pl.'s Opp'n ¶ 1, that critique is misplaced. The dispositive question is the *copyright holder's* subjective good faith belief, not the service provider's. *See Johnson*, 826 Fed. App'x at 772. Nor are the Moving Defendants required to "tak[e] the Plaintiff to court to resolve any copyright disputes they have with his content," Pl.'s Opp'n ¶ 4, as opposed to using the procedures provided by YouTube or the takedown request process under Section 512 of the Copyright Act. *See* Defs.' Mot. at 7–9. Accordingly, SME has a complete and undisputed defense to Plaintiff's claim.

---

[4] Plaintiff's unsupported assertion that his video was "protected by the Fair Use doctrine" changes nothing. Pl.'s Opp'n ¶ 5. Even if his video *was* fair use, "[n]o misrepresentation occurs under Section 512(f) if the party submitting the DMCA Takedown Notice had a reasonable good faith subjective belief that infringement was occurring, even if that belief was mistaken." *Alper Automotive, Inc. v. Day to Day Imports, Inc.*, No. 18-81753-CIV, 2021 WL 5893161, at *14 (S.D. Fla. Nov. 3, 2021), *aff'd*, No. 21-14236, 2022 WL 3418643 (11th Cir. Aug. 17, 2022) (citing *Johnson*, 826 Fed. App'x at 772).

[5] Plaintiff's first exhibit is an order from a state court case asserting claims of intentional interference with business relations, intentional infliction of emotional distress, negligent supervision, unfair and deceptive trade practices, and commercial bribery against completely different defendants from the Defendants in this case. *See Mishiyev v. Khaled*, No. 23-CA-017047, Doc. Index No. 1 (Fla. 13th Jud. Cir. Dec. 6, 2023). Plaintiff's second exhibit titled, "CONSPIRACY CHART – 'INTENT AND MOTIVE WAS TO TAKE OVER #12 TAMPA DMA MARKET,'" is plainly inadmissible, and in any event does not name or reference SME at all and is untethered to any other issues in this litigation.

## CONCLUSION

Based on the foregoing, Plaintiff's motion for summary judgment should be denied, and Moving Defendants' motion for summary judgment should be granted.

| | |
|---|---|
| Dated: March 10, 2025 | /s/ Gianni P. Servodidio |
| | |
| Loreal R. Rock (D.C. Bar No. 1656476) | Gianni P. Servodidio (Lead Counsel) |
| *Pro Hac Vice* | (N.Y. Bar No. 2619039) |
| Kara V. Brandeisky (D.C. Bar No. 90020421) | *Pro Hac Vice* |
| *Pro Hac Vice* | Jenner & Block LLP |
| Jenner & Block LLP | 1155 Avenue of the Americas |
| 1099 New York Avenue, Suite 900 | New York, New York 10036 |
| Washington, D.C. 20001 | (212) 891-1620 Phone |
| (202) 639-6000 Phone | (212) 891-1699 Fax |
| (202) 639-6066 Fax | GServodidio@jenner.com |
| LRock@jenner.com | |
| KBrandeisky@jenner.com | *Attorneys for Defendants UMG Recordings, Inc.; Isolation Network, Inc.; Sony Music Entertainment; and Orchard Enterprises NY, Inc.* |