UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIK MISHIYEV,

    Plaintiff,

vs.                                               Case No.: 8:23-cv-1942-MSS-NHA

UMG RECORDINGS, INC. ET AL,

    Defendants.
_____/

## ORDER

Plaintiff has filed a motion asking the Court to either: (1) enter an order opening the discovery period or, in the alternative, to grant his pending motion for summary judgment (Doc. 89). Doc. 130. I deny Plaintiff's motion.

First, to the extent Plaintiff asks that the District Court issue an expedited ruling on his motion for summary judgment, it is well established that courts have broad discretion to manage their dockets. *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1237 (11th Cir. 2021); *Dietz v. Bouldin.*, 579 U.S. 40, 41 (2016) ("The Court—not Plaintiff—holds the power to manage the case docket."). Accordingly, Plaintiff's request for expedited consideration of a non-emergency motion is improper.

Second, under Federal Rule of Civil Procedure 26(d)(1), a party may not initiate discovery until the parties have conducted a scheduling conference as required by Rule 26(f). Therefore, if Plaintiff wishes to begin discovery, he must

first meet and confer with opposing counsel to conduct the Rule 26(f) conference. Once that conference has taken place, the parties should file a joint case management report with the Court. *See* Local Rule 3.02(b) ("The parties must file the case management report within forty days after any defendant appears in an action originating in this court."). After reviewing the case management report, the judge will issue a scheduling order setting key case deadlines—including those for discovery—and setting the case for trial. *See* Local Rule 3.02(c).

The Court acknowledges that litigation in federal court is difficult and requires timely compliance with applicable rules, including the Federal Rules of Civil Procedure, the Local Rules, the Federal Rules of Evidence, and several procedural, discovery, and other orders.  Plaintiff is strongly advised to obtain legal advice and assistance — if not representation — from a member of The Florida Bar.  To the extent he intends to continue to represent himself in this action, Mishiyev should familiarize himself with both the Federal Rules of Civil Procedure at https://www.uscourts.gov/file/78323/download and the Local Rules for the Middle District of Florida at https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-local-rules-of-the-united-states-district-court-for-the-middle-district-of-florida-with-amendments-effective-april-1-2024.pdf, a copy of each of which is available in the clerk's office on the second floor of the Sam M. Gibbons United States

Courthouse, 801 North Florida Avenue, Tampa, Florida. Plaintiff can also consult the "Litigants Without Lawyers" guidelines at https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-guide-for-proceeding-without-a-lawyer.pdf.

In addition, the Federal Bar Association offers a Legal Assistance Program, through which Plaintiff can make an appointment to consult with a lawyer for free. To make an appointment, Plaintiff can visit the Clerk's Office on the second floor of the Courthouse or call (813) 301-5400.

_____
NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE