## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ERIK MISHIYEV,**

    **Plaintiff,**

v.   Case No.: 8:23-CV-1942-MSS-NHA

**UMG RECORDINGS, INC; SONY MUSIC ENTERTAINMENT; THE ORCHARD MUSIC; YT ROCKET; INGROOVES; ODMEDIA NETWORK; AND VIOLENT MUSIC BV,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Summary Judgment, (Dkt. 89), the Response in opposition thereto and a cross-motion for summary judgment filed by Defendants UMG Recordings, Inc.; Isolation Network, Inc.; Sony Music Entertainment; and Orchard Enterprises NY, Inc., (Dkt. 94), Plaintiff's Response to Defendants UMG Recordings, Inc.; Isolation Network, Inc.; Sony Music Entertainment; and Orchard Enterprises NY, Inc.'s cross motion for summary judgment, (Dkt. 102), and Defendants UMG Recordings, Inc.; Isolation Network, Inc.; Sony Music Entertainment; and Orchard Enterprises NY, Inc.'s Reply to Plaintiff's Response. (Dkt. 104)

Upon consideration of all relevant findings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendants' Motion for Summary Judgment.

I.   LEGAL STANDARD

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001) (explaining that "[s]ummary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law"). For a factual dispute between the parties to defeat summary judgment, the factual dispute must be "both genuine and material." Miccosukee Tribe of Indians of Fla. v. United States, 516 F.3d 1235, 1243 (11th Cir. 2008). A fact is material if it "affect[s] the outcome of the suit under the governing law," and is genuine "if a reasonable trier of fact could return judgment for the non-moving party." Id.

A court will "construe the facts and draw all inferences in the light most favorable to the nonmoving party and when conflicts arise between the facts evidenced by the parties, [the court will] credit the non[-]moving party's version." Davis v. Williams, 451 F.3d 759, 763 (11th Cir. 2006)

The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific

supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## II.     PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff does not identify any undisputed facts, nor does he cite to any admissible evidence to support his assertion that he is entitled to judgment as a matter of law on his Section 512(f) claim. (See Dkt. 89) Plaintiff does not present any evidence to support his assertion that his use of copyrighted works owned or controlled by the Defendants was a fair use, nor does he present any admissible evidence that Defendants knowingly and materially misrepresented to YouTube that Plaintiff's use of their content was infringing, which is the crux of the inquiry under Section 512(f). Id.; 17 U.S.C. § 512(f).

As such, the Plaintiff's Motion for Summary Judgment is due to be **DENIED** pursuant to Fed. R. Civ. P. 56(e).

## III.    DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

### a. Time Barred Claims

"The Copyright Act's statute of limitations provides that 'no civil action shall be maintained ... unless it is commenced within three years after the claim accrued.'" Nealy v. Warner Chappell Music, Inc., 60 F.4th 1325, 1330 (11th Cir.

2023), aff'd sub nom., Warner Chappell Music, Inc. v. Nealy, 601 U.S. 366 (2024) (citing 17 U.S.C. § 507(b)).

Plaintiff's claims with respect to all but one of the videos at issue are barred by the Copyright Act's three-year statute of limitations. The Eleventh Circuit has applied two rules for determining the date of accrual in copyright infringement cases: "the discovery rule and the injury rule." Nealy, 60 F.4th at 1330. "Under the discovery rule, a claim 'accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights." Id. (quoting Webster v. Dean Guitars, 955 F.3d 1270, 1276 (11th Cir. 2020)). "Conversely, under the injury rule, a copyright plaintiff's claim accrues when the harm . . . occurs, no matter when the plaintiff learns of it." Id. (citing Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014)). Under either rule, Plaintiff's claims accrued at the latest at the time each of his videos was taken down by YouTube in 2019. Plaintiff received notice of each takedown from YouTube and had the option to send a counter notification opposing the takedown. (Dkt. 96 at 4); see also 17 U.S.C. § 512(g). Plaintiff did not file this lawsuit until August 28, 2023, after the three-year statute of limitations period expired.

As such, summary judgment is due to be **GRANTED** with respect to all takedown requests sent prior to August 28, 2020, on statute of limitations grounds.

### b. Non-Time Barred Claims

Plaintiff's only claim not barred by the statute of limitations is the takedown request by SME to YouTube on February 28, 2024. (Dkt. 95 at 5) However, this claim fails because of SME's "subjective good faith belief that the use in question was

4

unauthorized and was not fair use." (Dkt. 61 at 13) (quoting Johnson v. New Destiny Christian Ctr. Church, Inc., 826 F. App'x 766, 772 (11th Cir. 2020)[1]). The purpose of Section 512 of the Copyright Act is to protect both the interests of copyright owners and online platforms by creating a notice-and takedown system. To make a valid Section 512 takedown request, a copyright owner or its authorized agent must, among other things, make a statement under penalty of perjury that it "has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law." 17 U.S.C. § 512(c)(3)(A)(v), (vi).

Section 512(f) of the Copyright Act provides a narrow cause of action against a copyright owner who "knowingly materially misrepresents" in a takedown request "that material or activity is infringing." 17 U.S.C. § 512(f). To prevail on such a claim, Plaintiff "must prove by a preponderance of the evidence that (1) the defendant knowingly and materially misrepresented that copyright infringement occurred; (2) a service provider relied on that misrepresentation to remove or disable access to the material claimed to be infringing; and (3) the plaintiff was injured as a result." Alper Auto., Inc. v. Day to Day Imports, Inc., No. 18-81753-CIV, 2021 WL 5893161, at *14 (S.D. Fla. Nov. 3, 2021), aff'd, No. 21-14236, 2022 WL 3418643 (11th Cir. Aug. 17, 2022).

"A copyright holder's subjective good faith belief that the use in question was unauthorized and was not fair use is a complete defense to a § 512(f) misrepresentation

---

[1] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000).

claim." (Dkt. 61 at 13) (quoting Johnson, 826 Fed. App'x at 772). "No misrepresentation occurs under Section 512(f) if the party submitting the DMCA Takedown Notice had a reasonable good faith subjective belief that infringement was occurring." Alper Auto., 2021 WL 5893161, at *14. "Good faith belief" is "a subjective standard." Rossi v. Motion Picture Ass'n of Am. Inc., 391 F.3d 1000, 1004 (9th Cir. 2004). "Courts 'are in no position to dispute the copyright holder's belief even if [they] would have reached the opposite conclusion.'" Alper Auto., 2021 WL 5893161, at *14 (quoting Johnson, 826 Fed. App'x. at 772).

  Here, no material issue of fact exists regarding SME's subjective good faith in taking down the one non-barred Video at Issue. As set forth in Defendant's sworn affidavit, this video was flagged by YouTube's state-of-the-art Content ID technology as containing an audio match to SME's copyrighted recording. (Dkt 95 at 5; Dkt. 96 at 2) After Plaintiff disputed the Content ID claim, Plaintiff's video was viewed in CMS side-by-side with SME's copyrighted recording, "Romantic Call." (Dkt. 95 at 5) Based on that side-by-side comparison, SME had a subjective, good faith belief that Plaintiff's video infringed SME's exclusive rights and was not a fair use. See id. Only then was a takedown request sent to YouTube through Content ID. See id.

  "[U]ndisputed evidence" that "defendants understand the concept of fair use" and considered fair use before sending a takedown notice "clearly establishes the subjective 'good faith belief' required under 17 U.S.C. § 512(g)(3)(C)." Hosseinzadeh v. Klein, 276 F. Supp. 3d 34, 47 (S.D.N.Y. 2017). Given SME's showing of good faith, it is Plaintiff's burden to cite to evidence to create a genuine dispute of fact. Fed. R.

6

Civ. P. 56(c)(1). Plaintiff has alleged no such evidence, and he "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Reflectone, Inc. v. Farrand Optical Co., 862 F.2d 841, 843 (11th Cir. 1989) (citation omitted) (affirming grant of summary judgment prior to discovery); see also Fed. R. Civ. P. 56(d).

As such, summary judgment is due to be **GRANTED** with respect to the takedown request on February 28, 2024, on good faith grounds.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment, (Dkt. 89), is **DENIED.**

2. Defendants UMG Recordings, Inc.; Isolation Network, Inc.; Sony Music Entertainment; and Orchard Enterprises NY, Inc.'s Cross-Motion for Summary Judgment, (Dkt. 94), is **GRANTED**.

3. The Clerk is **DIRECTED** to enter Judgment in favor of Defendants, terminate any other pending motions as moot, and **CLOSE** the case.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of September 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person