# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ERIK MISHIYEV,

     Plaintiff,

v.                              Case No. 8:23-cv-1942-MSS-NHA

UMG RECORDINGS, INC., et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

I recommend that the Court grant Defendants UMG Recordings, Inc., Isolation Network, Inc., Sony Music Entertainment ("SME"), and Orchard Enterprises NY, Inc.'s motion for a determination that they are entitled[1] to an attorney's fee award.[2] Doc. 158. Awarding Defendants a reasonable attorney's

---

[1] Because Local Rule 7.01 requires a party "request a determination of entitlement" to an attorney's fee before seeking a specific fee amount, the Court will treat Defendants' motion as one seeking an entitlement to an attorney's fee under 17 U.S.C. § 505 instead of one for a specified amount.

[2] Plaintiff has appealed the final judgment in this action. Doc. 160. Once a party appeals a decision of the district court, jurisdiction over the aspects of the case *involved in the appeal* transfers to the appellate court. *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.,* 341 F.3d 1292, 1309 (11th Cir. 2003). Nonetheless, the district court retains jurisdiction to consider motions that are collateral to the matters on appeal. *Mahone v. Ray,* 326 F.3d 1176, 1179 (11th Cir.2003). In this vein, the Eleventh Circuit has held that the district court may entertain a motion for an attorney's fee after a notice of appeal has been filed in the underlying case. *Rothenberg v. Security Management Co., Inc.,* 677 F.2d 64, 65 (11th Cir. 1982).

fee would further the objectives of the Copyright Act by deterring plaintiffs who file time-barred and unsupported claims from filing suit.

## I.    Background

Plaintiff Erik Mishiyev, known as "DJ Short-E," alleges in his Third Amended Complaint that he operated multiple YouTube channels from 2008 to 2021. Doc. 65 ¶ 36. Plaintiff's YouTube channels had a combined total of over 250,000 subscribers. *Id.* Channel-owners could monetize their YouTube channels through Google's AdSense program, which paid the owners to place advertisements on users' videos and channels. *Id.* Plaintiff generated ad revenue based on the number of video views and ad clicks. *Id*

Plaintiff alleges that Defendants issued and provided to YouTube fraudulent "takedown notices" under the Digital Millennium Copyright Act ("DMCA").[3] Doc. 65 ¶ 33.

Under the DMCA takedown policy, copyright owners, such as Defendants, may file a notice with participating service providers, like YouTube, to request allegedly infringing materials be removed from a service provider's website. *See* 17 U.S.C § 512(c)(3). In exchange for complying with

---

[3] The DMCA, which became effective in 1998, added new sections to existing copyright law by enacting five Titles, only one of which is relevant here: Title II—Online Copyright Infringement Liability Limitation Act—now codified in 17 U.S.C. § 512.

the request, the service provider is immunized from liability for its users' potentially infringing actions. *See* 17 U.S.C § 512(c)(1).

The notice must include specific information, including a statement that the copyright owner has a good faith belief that the use of the copyrighted material is unauthorized. 17 U.S.C § 512(c)(3). In that regard, 17 U.S.C § 512(f) of the DMCA provides that:

> Any person who knowingly materially misrepresents under this section—
>
> (1) that material or activity is infringing, or
>
> (2) that material or activity was removed or disabled by mistake or misidentification,
>
> shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

17 U.S.C. § 512(f).

Plaintiff alleged that Defendants violated this provision when they submitted DCMA takedown notices to YouTube despite knowing that Plaintiff was not infringing their copyrights. Doc. 65 ¶ 33. YouTube terminated Plaintiff's channels after receiving DMCA takedown requests from Defendants. Doc. 65 ¶ 37.

Plaintiff, proceeding without an attorney, initiated this action on August
28, 2023, asserting in his original Complaint claims for misrepresentation
under 17 U.S.C. 512(f), tortious interference with business relations, and
violation of Florida's Unfair and Deceptive Trade Practices Act ("FUDTPA").
*See* Doc. 1. The Court found the original Complaint was an impermissible
shotgun pleading and required Plaintiff to amend his complaint. Doc. 5 pp. 3,
5.

Plaintiff then filed an Amended Complaint, again bringing claims for
misrepresentation under the Copyright Act, tortious interference with
business relations, and violation of FUDTPA. *See* Doc. 7. Defendants moved to
dismiss the Amended Complaint under Federal Rule of Civil Procedure
12(b)(6), claiming Plaintiff's copyright claim was barred by the statute of
limitations, Plaintiff failed to allege facts sufficient to state his claims, and
Plaintiff's state law claims were preempted by the Copyright Act. Doc. 27. The
Court granted the motion to dismiss, finding that the Copyright Act claim as
pleaded was time-barred (but allowing Plaintiff to amend that claim to allege
more recent violations), and finding that Plaintiff's state law claims were
preempted by the Copyright Act and, therefore, were due to be dismissed with
prejudice (meaning Plaintiff would not be allowed to re-file them). Doc. 38.

Plaintiff then filed a Second Amended Complaint, asserting a claim for
misrepresentation under the Copyright Act that alleged violations within the

4

permissible limitations period, and asserting a state law claim for intentional infliction of emotional distress. Doc. 39. Defendants moved to dismiss the Second Amended Complaint, arguing that it did not contain sufficient facts to state a claim for copyright infringement and that the state law claim was preempted by the Copyright Act. Doc. 42. The Court allowed the Copyright Act to proceed, and dismissed with prejudice the state law claim, directing Plaintiff to file a Third Amended Complaint including only the former claim. Doc. 61.

Plaintiff filed his Third Amended Complaint on December 20, 2024 (Doc. 65), reasserting his Copyright Act claim, and Defendants answered on January 24, 2025 (Doc. 86).

Four days after Defendants answered the Complaint, Plaintiff moved for summary judgment. Doc. 89. In response, Defendants filed their own motion for summary judgment. Doc. 94. In Defendants' motion, they argued that (1) all purported violations of the Copyright Act—save one—were time barred because Plaintiff had knowledge of the alleged violations more than three years before he filed suit, and (2) the single non-time-barred claim (a February 28, 2024 takedown request) failed because there were undisputed facts[4] showing

---

[4] These facts, included in an affidavit, were that Plaintiff's February 28, 2024 video was flagged by YouTube's state-of-the-art Content ID technology as containing an audio match to SME's copyrighted recording. Doc. 94 p. 24. Later, Defendant SME viewed Plaintiff's video alongside SME's copyrighted recording, "Romantic Call." Doc. 94 p. 24. Based on that side-by-side

that Defendant SME (the copyright owner who filed the takedown request) had a reasonable good faith subjective believe that infringement was occurring. Doc. 94. Plaintiff responded to Defendants' summary judgment motion only to argue that Defendants filed "false affidavits" but didn't submit his own statement of facts or offer evidence to counter Defendants' affidavits. Doc. 102.

On September 11, 2025, the Court granted summary judgment in Defendants' favor and directed the clerk to enter judgment in favor of Defendants. Doc. 151 p. 7. The Court concluded that "Plaintiff's claims with respect to all but one of the videos at issue are barred by the Copyright Act's three-year statute of limitations." Doc. 157 p. 4. As to the single non-time-barred claim, the Court noted that "[a] copyright holder's subjective good faith belief that the use in question was unauthorized and was not fair use is a complete defense to a § 512(f) misrepresentation claim." Doc. 151 pp. 5–6. And, "'undisputed evidence' that 'defendants understand the concept of fair use' and considered fair use before sending a takedown notice 'clearly establishes the subjective 'good faith belief' required under 17 U.S.C. § 512(g)(3)(C).'" Doc. 151 p. 6 (quoting *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 47 (S.D.N.Y. 2017).). Thus, because Defendants produced an affidavit showing that Defendant SME (the owner of the copyright for the non-time-barred claim) had a subjective

---

comparison, Defendant SME believed that Plaintiff's video infringed its exclusive rights and was not a fair use.

good faith belief supporting its takedown notice, and because Plaintiff submitted no contrary evidence, summary judgment was appropriate. Doc. 151 p. 6.

The Clerk entered judgment in favor of Defendants (Doc. 152), and Defendants moved for a determination that they were entitled to an attorney's fee under 17 U.S.C. § 505. Doc. 158. Plaintiff did not respond to the motion, rendering it unopposed. Local Rule 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

## II.    Applicable Law

Under the "American Rule," litigants are not entitled to an award of an attorney's fee for prevailing in litigation "unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)). However, through the Copyright Act, Congress empowered a "court in its discretion" to "award a reasonable attorney's fee to the prevailing party" "in *any* civil action under [Title 17 of the United States Code]." 17 U.S.C. § 505 (emphasis added).[5]

---

[5] Accordingly, section 505 governs awards to parties who prevail in claims brought under Section 512(f). *See, e.g., Nexstar Media, Inc. v. Jay Is 4 Just. Podcast, LLC*, No. 8:22-CV-516-CEH-SPF, 2023 WL 3645846, at *2 (M.D. Fla. May 25, 2023) (Honeywell, J.); *Cawthon v. Zhousunyijie*, No. 22-CV-03021 (LJL), 2024 WL 1156073, at *9 (S.D.N.Y. Mar. 18, 2024).

In 1994, in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court explained that, in determining whether to award an attorney's fee under section 505, courts must be "faithful to the purposes of the Copyright Act," which seeks to "assure[] authors the right to their original expression," but also to "encourage[ ] others to build freely upon the ideas and information conveyed by a work." *Id.* at 517, 527, 534 n. 19. The Supreme Court noted that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Id.* at 527. So, the purposes of the Act are served, not only by encouraging plaintiffs "to litigate meritorious claims of infringement," but also by encouraging defendants to litigate when they present "meritorious copyright defenses." *Id.* For this reason, when determining whether to award an attorney's fee to a prevailing party under Section 505, "[p]revailing plaintiffs and prevailing defendants are to be treated alike." *Id.* at 534.

The Supreme Court went on to identify non-exclusive factors that courts could consider in deciding whether a fee award would advance the purposes of the Copyright Act, specifically, "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of

compensation and deterrence" (collectively, "*Fogerty* Factors"). *Id.* at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986)).

Later, in *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016), the Supreme Court expanded on its guidance. It explained that a district court deciding whether to award a fee should examine the totality of the circumstances, including the *Fogerty* Factors, and should give "substantial weight to the objective (un)reasonableness of a losing party's litigating position." *Id.* at 202–203, 205. Emphasizing the reasonableness of the parties' positions "encourages parties with strong legal positions to stand on their rights" notwithstanding the fact that their attorney's fee might dwarf the potential award or cost of settlement, and "deters those with weak [positions] from proceeding with litigation." *Id.* at 205. That said, the Court noted, reasonableness of a losing party's position was an important—but not controlling—factor in determining whether to award a fee, and a district court still must consider whether other concerns support a fee award. *Id.* at 209. "For example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses . . . [o]r . . . to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case." *Id.*

9

## III.   Analysis

As a threshold matter, because Section 505 of the Copyright Act authorizes a court to award a reasonable attorney's fee to the "prevailing party," the Court must determine whether Defendants are the prevailing party in this litigation. Then, giving substantial weight to the objective reasonableness of Plaintiff's litigating position, the Court must decide whether a fee award to Defendants would further the objectives of the Copyright Act.

### A. Defendants are the Prevailing Party

"Prevailing party" is a "legal term of art," *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001), and rests on whether the judgment produced a "material alteration of the legal relationship of the parties." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989).

Because plaintiffs and defendants "come to court with different objectives"—a plaintiff "seek[ing] a material alteration [in] the legal relationship [between] the parties" and a defendant "seek[ing] to prevent this alteration to the extent it is in the plaintiff's favor"—the prevailing-party inquiry differs with respect to plaintiffs and defendants. *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016). A defendant can attain prevailing-party status when a plaintiff's claims fail, even if for a non-merits reason, so

long as the court itself acted "to reject or rebuff the plaintiff's claims."[6] *Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1363 (11th Cir. 2024) (citations omitted) (emphasizing the "judicial *imprimatur*" as the "touchstone" of the prevailing party test).

A defendant can achieve prevailing party status when a court grants its motion to dismiss or motion for summary judgment. *See Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1298 (11th Cir. 2021) (finding defendant to be the prevailing party after the district court dismissed five counts without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and plaintiff failed to file an amended complaint because the district court "plainly rebuffed [the plaintiff's] attempt to alter its legal relationship with the [defendant]"); *Hermosilla v. Coca-Cola Co.*, 492 F. App'x 73, 75 (11th Cir. 2012) (affirming the district court's award of an attorney's fee to a defendant who prevailed on summary judgment in a copyright infringement action); *Dawes-Ordonez v. Forman*, 418 F. App'x 819, 821 (11th Cir. 2011) (same).

Here, Defendants are the prevailing party. The Court dismissed most of Plaintiff's claims on the pleadings and granted summary judgment in

---

[6] In contrast, a defendant does not achieve prevailing-party status through a plaintiff's voluntary dismissal of an action without prejudice. *United States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1303 (11th Cir. 2019).

Defendants' favor on the last. *See* Docs. 38, 61, 151, 152. Specifically, the Court dismissed Plaintiff's various state law claims at the motion to dismiss stage as preempted by the Copyright Act, leaving only Plaintiff's Copyright Act claim. Docs. 38, 61. Then, the Court granted summary judgment in favor of the Defendants, because "Plaintiff's claims with respect to all but one of the videos at issue [we]re barred by the Copyright Act's three-year statute of limitations," and the claim with respect to the remaining video failed "because of SME's subjective good faith belief that the use in question was unauthorized and was not a fair use." Doc. 151 pp. 4–5 (internal quotations omitted).

Plaintiff sought to materially alter the legal relationship between the parties through its various claims, and the Court rebuffed Plaintiff's attempt by granting motions to dismiss and for summary judgment, together foreclosing all of Plaintiff's claims. Docs. 38, 61, 151, 152. *See Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1313–14 (11th Cir. 2025) ("An enforceable judgment on the merits creates the 'material alteration of the legal relationship of the parties.'") (quoting *Buckhannon Bd. & Care Home Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001)); *Vinson v. Koch Foods of Ala., LLC*, 12 F.4th 1270, 1278 (11th Cir. 2021) (dismissal with prejudice is an adjudication on the merits and alters legal relationship); *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431–32 (2016) (defendant may be prevailing party even if court's final judgment rejects the plaintiff's claim for a non-merits

reason). Thus, Defendant is the prevailing party; *Hermosilla v. Coca-Cola Co.*, 492 F. App'x 73, 75 (11th Cir. 2012) (affirming the district court's award of an attorney's fee to a defendant who prevailed on summary judgment in a copyright infringement action); *Dawes-Ordonez v. Forman*, 418 F. App'x 819, 821 (11th Cir. 2011) (same). Thus, Defendants prevailed in this action.

### B. A fee award to Defendants furthers the objectives of the Copyright Act.

Fee awards are not granted to a prevailing party as a matter of course, but as a matter of discretion. *Fogerty,* 510 U.S. at 534. Again, the critical inquiry in determining whether to award an attorney's fee under section 505 is whether the award "will further the interests of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible.'" *MiTek Holdings Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842–43 (11th Cir. 1999) (quoting *Fogerty,* 510 U.S. at 526–27). With this in mind, and heeding *Kirtsaeng's* guidance, the Court first considers whether Plaintiff's position in bringing his copyright claims—most of which were time-barred and one of which was unsupported by evidence sufficient to dispute Defendant SME's affirmative defense—was reasonable before analyzing the remaining *Fogerty* factors.

### a. Reasonableness

Again, the most important factor that the Court must consider is the reasonableness of a losing party's litigating position. *Kirtsaeng*, 579 U.S. at 202–203, 205.

Courts have routinely found that time-barred claims are "objectively unreasonable" under *Fogerty*. *See, e.g.*, *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 890 (6th Cir. 2004) (holding claim was "objectively unreasonable" where defendant had not committed any act of infringement within the three-year limitations period); *Conley v. Vacanti*, 2026 WL 177595, at *5 (S.D. Fla. Jan. 22, 2026) ("Plaintiff's choice to litigate a time-barred claim through five iterations of complaints and summary judgment, when he knew or should have known it was untimely, was objectively unreasonable under Section 505"); *Prop Sols., Ltd. v. GOPD, LLC*, 2019 WL 10943309, at *2 (N.D. Ga. Oct. 28, 2019) ("Courts have held that untimely claims are objectively unreasonable under *Fogerty*."); *Mahan v. Roc Nation, LLC*, 2015 WL 4388885, *2 (S.D.N.Y. July 17, 2015) ("Plaintiff's claims under the Copyright Act were plainly time[-]barred and therefore objectively unreasonable" where Plaintiff's claimed ignorance of Defendant's claims of ownership "strain[ed] credulity"); *Zamoyski v. Fifty-Six Hope Rd. Music Ltd., Inc.*, 767 F. Supp. 2d 218, 223 (D. Mass. 2011) (finding it was "not objectively reasonable for [plaintiff] to believe

that he could overcome the significant barriers which he would no doubt face when confronted with a statute of limitations defense").

Here, not only were Plaintiff's initial claims time-barred, most of his amended claims were time barred despite the Court's repeated instruction to bring only claims within the limitations period. *See, e.g.*, Doc. 38 at ¶ 3 (granting leave to amend complaint only "to allege any claim of injury or damage not barred by the three-year statute of limitations"); *id.* at ¶ 7 ("Plaintiff is warned that if he attempts to file a second amended complaint without a fair basis in fact or law, he may be subjected to sanctions pursuant to Fed. R. Civ. P. 11."). Plaintiff's pursuit of the time-barred claims was unreasonable.

As to Plaintiff's single claim relating to a takedown notice issued within the limitations period, the Court instructed Plaintiff that Defendant SME would have a "complete defense" if it had a subjective good faith belief that Plaintiff's use of its copyright was unauthorized and not fair use. Doc. 61 p. 13. The Court previewed that it would address this defense at the summary judgment stage. Doc. 61 p. 13. After Plaintiff was on notice, it became unreasonable for Plaintiff to defend or move for summary judgment without submitting any evidence to dispute Defendant SME's proof of its subjective good faith basis to issue a takedown notice.

15

Plaintiff's pursuit of time-barred claims and of a claim on which Plaintiff had no evidence undermining a defendant's good-faith defense was unreasonable. This weighs in favor of awarding Defendants an attorney's fee.

### b. Motive

In analyzing motivation, courts consider whether the non-prevailing party litigated in good or bad faith. *Caracol Tele., S.A. v. Telemundo Tele. Studios, LLC*, 2022 WL 17583608, at *6. Relevant to the analysis is whether the non-prevailing party initiated the lawsuit for an improper motive or pursued the litigation in an unprofessional manner. *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1245 (S.D. Fla. 2008).

Defendants claim that Plaintiff was motivated by commercial gain, "seeking to extort a windfall payment" and that they were threatened with "protracted litigation from Plaintiff." Doc. 158 p. 6 ("Plaintiff bombarded Defendants and their counsel with a constant stream of demands and threats, seeking to extort a windfall payment or else face protracted litigation from Plaintiff because, as he repeatedly represented to Defendants' counsel, he has nothing to lose").

Defendants produce evidence that Plaintiff sent them emails containing threats and invectives, including an email dated September 25, 2025 expressly stating, "Tell your clients we can do this for the next 10 years if they want, they can't collect money from someone who has none and will file another

16

Bankruptcy if I have to, which they caused me to have in 2021." Doc. 159-1 at 2; *see also* Doc. 105-1 at 4 ("THIS GLOBAL SETTLEMENT OF $100,000,000 MILLION DOLLARS IS GOOD UNTIL 3/21/2025 AFTER THAN I AM GOING TO BE ASKING FOR $200 MILLION DOLLARS"); *id.* at 2 ("[Y] ou'd be fools if you didn't think of the possibility of the FBI or CIA watching these cases that could possibly turn into criminal").

This type of communication weighs in favor of awarding Defendants fees.

### c. Frivolousness

"A frivolous lawsuit is '[a] lawsuit having no legal basis, often filed to harass or extort money from the defendant.'" *Thomas Home Corp. v. Reve Dev. Corp.*, 2007 WL 9736233, at *2 (N.D. Fla. June 21, 2007) (quoting Black's Law Dictionary 678 (7th ed. 1999)). "Typical 'frivolity' cases include those where summary judgment is decided in favor of the defendant or on a Fed. R. Civ. P. 41(b) motion for involuntary dismissal where the plaintiffs do not introduce any evidence in support of their claims." *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1279–80 (M.D. Fla. 2003) (citing *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)); *see also Davis v. Tampa Bay Arena, Ltd.*, 2013 WL 4457408, at *1 (M.D. Fla. Aug. 16, 2013) (citation omitted) ("A claim is frivolous if it is without arguable merit in either law or fact.").

Here, courts analyzing frivolousness as a *Fogerty* factor have found that a plaintiff's pursuit of claims barred by the statute of limitations was frivolous. *Goldberg v. Cameron*, 2011 WL 3515899, at *4 (N.D. Cal. Aug. 11, 2011) (holding that the continued litigation of claims that plaintiff knew were barred by statute of limitations were frivolous); *Scott v. Meyer*, 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010) (holding that the connotations of frivolity are difficult to escape when considering a plaintiff's continued pursuance of objective unreasonable claims in spite of notice that her claims would fail under the applicable legal standard); *James H. Anderson Inc. v. Nw. Univ.*, No. 07 C 02485, 2008 WL 11517090, at *3 (N.D. Ill. Apr. 16, 2008) ("Anderson's claim for copyright infringement was borderline frivolous and its case objectively weak because the claim could not even be adjudicated given the applicable statute of limitations.").

Likewise, the lack of any evidence to dispute Defendant SME's good faith defense suggests that the litigation was frivolous. *See NLFC, Inc. v. Devcom Mid-Am., Inc.*, 916 F. Supp. 751, 758–59 (N.D. Ill. 1996) ("While the mere fact that [plaintiff] lost on summary judgment does not alone establish frivolity, the fact that it supplied not a single piece of testimonial evidence at the dispositive summary judgment phase evidences frivolous litigation. In other words, faced with possible dismissal of this suit, the Court is certain that [the

plaintiff] would have provided at least some testimony in support of its allegations . . .").

Thus, this factor too weighs in favor of awarding Defendants an attorney's fee.

### d. Deterrence and Compensation Considerations

When evaluating a motion to recover fees under section 505, courts should also consider whether there is a "'need . . . to advance considerations of compensation and deterrence.'" *Kirtsaeng*, 579 U.S. at 202 (quoting *Fogerty*, 510 U.S. at 534 n. 19). In examining the deterrence factor, courts weigh both "specific deterrence," focusing on the parties in the case, and "general deterrence," focusing on the potential effect on future litigants. *Markham Concepts, Inc. v. Hasbro, Inc.*, 71 F.4th 80, 95 (1st Cir. 2023) (citation omitted).

Plaintiff has filed at least four cases in this district without the assistance of an attorney, including two copyright cases.[7] Two of the cases have been deemed frivolous; none have been successful. An award of fees against Plaintiff in this action will deter him from filing frivolous lawsuits, saving time and resources of the Court and future defendants.

---

[7] *Mishiyev v. Davis et al* 8:23-cv-01940-KKM-TGW; *Mishiyev v. Youtube LLC et al.*, 8:24-cv-02675-MSS-TGW; *Mishiyev v. Pichai et al*, 8:25-cv-00095-MSS-CPT.

As to general deterrence, an award of fees in this case will deter future plaintiffs from filing time-barred or unsubstantiated DMCA Takedown claims, and will encourage future defendants to raise valid defenses, rather than settle unmeritorious lawsuits to avoid incurring attorneys' fees. In other words, should the Court fail to award fees, plaintiffs may be incentivized to bring unmeritorious claims, and defendants, fearing the fees and costs associated with litigation, may be incentivized to "fold" by settling.

Thus, this factor also counsels in favor of awarding Defendants an attorney's fee.

### e.  In Sum

After balancing the *Fogerty* factors, I conclude that Defendants are entitled to a reasonable attorney's fee under section 505. It serves the Copyright Act's purposes to discourage plaintiffs from asserting time-barred claims, and from persisting in claims against defendants whom the undisputed evidence shows acted in good faith. *See Fogerty*, 510 U.S. at 527 ("[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged

to litigate meritorious claims of infringement."). Conversely, it serves the purposes of the Act to encourage defendants to defend against such claims.[8]

## IV.    Conclusion

For the reasons stated above, I respectfully recommend that the Court:

1. Grant the Defendants' motion (Doc. 158) to the extent that it finds Defendants are entitled to an attorney's fee; and

2. Ordered Defendants to file within 45 days of the Court's order a supplemental motion on the amount to which Defendants are

---

[8] The disparity in the financial positions of the parties and the fact that Plaintiff proceeded pro se may be relevant to the amount of the award granted. *See Douglas v. Osteen,* 317 Fed. Appx. 97, 100 (3d Cir. 2009) (upholding a fee award in a copyright action of $5,000 (which was a more than 90% reduction of a lodestar) against a pro se Plaintiff). However, it does not change the finding that a fee award would be appropriate. The *Fogerty* Factors do not include "relative financial positions of the parties" and the Eleventh Circuit has held that, "in determining whether to award attorney's fees under § 505, the district court should consider not whether the losing party can afford to pay the fees but whether imposition of fees will further the goals of the Copyright Act." *MiTek Holdings, Inc. v. Arce Eng'g Co.,* 198 F.3d 840, 843 (11th Cir. 1999); *see also Randolph v. Dimension Films,* 634 F. Supp. 2d 779, 796 (S.D. Tex. 2009) ("A losing party who files an objectively unreasonable infringement case is not exempt from having to pay a fee award based on limited means."). Nor do Courts applying the *Fogerty* Factors weigh a party's lack of counsel. *See, e.g., Strategic Mktg., Inc. v. Great Blue Heron Software, LLC,* No. 15-CV-80032, 2017 WL 1284773, at *4 (S.D. Fla. Feb. 16, 2017), *report and recommendation adopted sub nom. Strategic Mktg., Inc. v. Great Blue Heron Software*, No. 15-CV-80032, 2017 WL 11680172 (S.D. Fla. Mar. 3, 2017) ("The undersigned is unpersuaded that Defendant Gardner is entitled to leniency because of his pro se status").

entitled, as contemplated by Local Rule 7.01(c).

**SUBMITTED** for the District Court's consideration on February 12, 2026.

_Natalie Hirt Adams_

NATALIE HIRT ADAMS
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.